629 A.2d 1014

**COMMONWEALTH of Pennsylvania**

**v.**

**William MARIS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 6, 1993.

Filed Aug. 13, 1993.

several prior convictions, and committed the offense with the expertise of a career criminal. N.T. 12/28/92 at 66.

William Maris, appellant, pro se.

Robert L. Steinberg, Dist. Atty., Allentown, for Com., appellee.

Before CIRILLO, OLSZEWSKI and BROSKY, JJ.

OLSZEWSKI, Judge.

William Maris appeals from a judgment of sentence entered March 31, 1992. The trial court denied Maris' motion for post-conviction relief holding that there were no issues concerning any material fact, Maris was not entitled to post-conviction relief, and no purpose would be served by any further proceedings. We quash Maris' appeal because his brief violates the Pennsylvania Rules of Appellate Procedure to a degree that precludes us from conducting meaningful review of his claims. *Commonwealth v. Sanford*, 299 Pa.Super. 64, 445 A.2d 149 (1982).

On January 30, 1992, Maris pled guilty to two counts of conspiracy to commit burglary. He was sentenced to 45 months to 20 years of imprisonment. On April 14, 1992, Maris filed a motion for reconsideration of sentence, which was granted, and his sentence was amended to a maximum of 10 years. On July 17, 1992, Maris, represented by Charles Seiger, filed a motion for post-conviction relief alleging the following: 1) trial counsel rendered ineffective assistance; 2) his guilty plea was illegally induced by counsel; 3) two counts of burglary under one case number is illegal; 4) the fact that he had turned himself in was not presented to the court; 5) a district attorney's remarks unfairly prejudiced the judge against him; 6) his sentence was unduly harsh in relation to that of his co-defendant's; and 7) his property was illegally searched. At the August 4, 1992, hearing on this post-conviction petition, Maris, after consulting with his counsel, determined that his motion was meritless and withdrew it.

Maris then filed a second motion for post-conviction relief, raising the same claims. On December 23, 1992, the trial court filed notice of its intention to dismiss Maris' motion. Maris filed a written objection to the notice. After considering Maris' objection, the trial court dismissed his motion.

Maris then filed a *pro se* appeal from the order dismissing his motion and was granted permission to proceed *in forma pauperis*. The trial court issued its opinion affirming dismissal of Maris' motion on April 19, 1993. Maris and the Commonwealth then submitted briefs to this Court.

Rule 2111 of the Pennsylvania Rules of Appellate Procedure, captioned "Content of Briefs," directs in mandatory ("shall") language the required format and content of an appellant's brief. It provides:

(a) General Rule. The brief of the appellant, except as otherwise prescribed by these rules, *shall* consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of the questions involved.

(4) Statement of the case.

(5) Summary of argument.

(6) Argument for appellant.

(7) A short conclusion stating the precise relief sought....

Pa.R.A.P., Rule 2111, 42 Pa.C.S.A. (emphasis added).

■ Maris' brief blatantly violates this rule because it contains no statement of jurisdiction, order, or other determination in question, summary of argument or statement of the questions involved. This last omission is particularly grievous since the statement of questions involved defines the specific issues this Court is asked to review. The rule requiring a statement of questions involved "is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby." Pa. R.A.P., Rule 2116(a), 42 Pa.C.S.A. We, therefore, are not obliged to consider any of Maris' arguments since none are set forth in a statement of questions involved. *See Commonwealth v. Whiteman*, 336 Pa.Super. 120, 485 A.2d 459 (1984) (when Superior Court decides issues on appeal, it ordinarily

restricts itself to the statement of questions involved for purposes of determining the issues to be decided); *see also Commonwealth v. Duden*, 326 Pa.Super. 73, 473 A.2d 614 (1984) (claims of ineffective assistance of counsel waived where they are tacked on other claims without being included in statement of questions presented); *Commonwealth v. Leib*, 403 Pa.Super. 223, 588 A.2d 922 (1991), *alloc. denied* 528 Pa. 642, 600 A.2d 194 (1991) (defendant failed to preserve issue for review where issue was not set forth in statement of questions involved or suggested thereby); *Commonwealth v. Cauto*, 369 Pa.Super. 381, 535 A.2d 602 (1987), *alloc. denied* 521 Pa. 601, 555 A.2d 112 (1987) [denial of habeas corpus affirmed *Cauto v. Mazurkiewicz*, 937 F.2d 596 (1991) ] (issue of whether trial counsel was ineffective for failing to object to particular closing argument was not properly before court because issue was not included in statement of questions presented).

 Maris' brief also inadequately sets forth the statement of the case. The brief contains no section entitled "Statement of the Case," as required by Rule of Appellate Procedure 2111, but only attempts to provide some minimal information regarding the procedural and factual history of the case. The "Factual History of the Case" is set forth simply as "[p]etitioner/Appellant, William Maris, was charged with Burglary, Theft and Criminal Conspiracy by Lehigh County Authorities." Appellant's brief at iii. This sentence, to say the least, insufficiently fulfills the requirement of "[a] closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found." Pa.R.A.P., Rule 2117(a)(4), 42 Pa.C.S.A. Moreover, Maris' "Procedural History of the Case," in addition to repeating the "Factual History of the Case," contains argument in violation of Rule 2117(b) which states, "[t]he statement of the case shall not contain any argument. It is the responsibility of appellant to present in the statement of the case a balanced presentation of the

history of the proceedings and the respective contentions of the parties." Pa.R.A.P., Rule 2117(b), 42 Pa.C.S.A.

■ Furthermore, in what we can only assume to be Maris' "Argument for Appellant" section, improperly labeled in the brief as "Reasons for Granting This Petition," there is nothing resembling an argument "divided into as many parts as there are questions" with "distinctively displayed" headings above each "particular point treated therein." Pa.R.A.P., Rule 2119, 42 Pa.C.S.A. Instead, Maris sets forth several disjointed paragraphs alleging ineffectiveness of counsel, but failing to support his assertions with factual evidence contained in the record. Moreover, Maris' legal arguments are not properly developed, but are filled with unsupported statements and largely inapplicable caselaw. *See Commonwealth v. Rodgers,* 413 Pa.Super. 498, 605 A.2d 1228 (1992) (argument section of appellant's brief must include pertinent discussion of particular point raised along with citation to pertinent authorities); *see also Commonwealth v. Miguel,* 409 Pa.Super. 429, 598 A.2d 71 (1991) *alloc. denied* 529 Pa. 668, 605 A.2d 333 (1992) (allegations of ineffectiveness of counsel must be stated with specificity and abstract allegations stated in a vacuum are frowned upon and will not support claim).

■ "This Court possesses discretionary authority to quash, dismiss or deny allowance of appeal based upon the substantial defects of appellant's brief. Pa.R.A.P. 2101." *Commonwealth v. Ely,* 381 Pa.Super. 510, 513, 554 A.2d 118, 119 (1989). The substantial defects in Maris' brief prevent us from conducting meaningful judicial review. "We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review a Court will not consider the merits thereof." *Sanford, supra,* 299 Pa.Super. at 67, 445 A.2d at 150.[1] Accordingly, we decide that Maris' brief should be suppressed and his appeal quashed.

The appeal is quashed.

1. We are not insensitive to the fact that Maris is a *pro se* appellant. In his brief, Maris states that he "has a limited education and no knowl-

edge of the law." Appellant's brief at 3. This Court "is willing to liberally construe materials filed by a *pro se* appellant"; however, Maris is not entitled to special treatment by virtue of the fact that he "lacks legal training." *O'Neill v. Checker Motors Corp.*, 389 Pa.Super. 430, 434, 567 A.2d 680, 682 (1989).