J. S61006/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                      v.                :
                                            :
LARRY D. WALLS, JR.,               :         No. 1455 WDA 2013
                                          :
             Appellant        :


Appeal from the Order Entered July 23, 2013,
in the Court of Common Pleas of Blair County
Criminal Division at No. CP-07-CR-0002173-1999


BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND STRASSBURGER,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED OCTOBER 14, 2014**

Appellant, Larry D. Walls, Jr., appeals, **pro se**, from an order entered by the Court of Common Pleas of Blair County that denied his "writ of **quo warranto** petitions." The Commonwealth has filed a motion to dismiss citing several violations of our Rules of Appellate Procedure. After careful review, we grant the Commonwealth's motion and dismiss this appeal.

We summarize the relevant procedural background of this case as follows. On July 29, 2003, following a jury trial, appellant was convicted of robbery and aggravated assault and was sentenced to 13 to 26 years' incarceration. On May 11, 2006, the Court of Common Pleas reinstated appellant's direct appeal rights **nunc pro tunc** after finding it failed to notify appellant that his post-trial motions had been denied by operation of law.

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant appealed to this court, and on January 29, 2007, we affirmed his judgment of sentence. ***Commonwealth v. Walls***, No. 915 WDA 2006, unpublished memorandum (Pa.Super. filed January 29, 2007). Appellant sought review by the Pennsylvania Supreme Court; ***allocatur*** was granted and on November 20, 2007, the case was remanded for this court to consider whether appellant's robbery and aggravated assault convictions merged for sentencing purposes. ***Commonwealth v. Walls***, 934 A.2d 696 (Pa. 2007).

On June 2, 2008, this court again affirmed the judgment of sentence finding appellant's sentence was appropriate in that robbery and aggravated assault did not merge for sentencing purposes and there was sufficient evidence to support the jury convictions. ***Commonwealth v. Walls***, No. 915 WDA 2006, unpublished memorandum (Pa.Super. filed 6/2/08). Once again, appellant sought ***allocatur*** with the Pennsylvania Supreme Court; and on March 19, 2010, ***allocatur*** was denied. ***Commonwealth v. Walls***, 991 A.2d 313 (Pa. 2010).

On September 11, 2013, appellant filed the instant appeal with this court from the trial court's denial of his "writ of ***quo warranto*** petitions." Initially, we note there is much confusion surrounding this matter. The caption on appellant's petitions and on his notice of appeal reads as follows: "***Larry Duane Walls, Jr., etc. v. Commonwealth of Pennsylvania Blair***

*County Judges*." Meanwhile, the caption given to this matter in this court is "*Commonwealth of Pennsylvania v. Larry D. Walls, Jr.*"

In its motion to dismiss, the Commonwealth first asserts this court lacks jurisdiction under Pa.R.A.P. 1972(a)(3) because the appeal is untimely. More specifically, the Commonwealth contends it has been three years since appellant's appeal of his convictions and judgment of sentence; thereby making this appeal untimely. We disagree.

Appellant is appealing the July 23, 2013 order that denied his writ of *quo warranto* petitions. The July 23rd order was docketed on August 6, 2013. Appellant's notice of appeal was filed on September 4, 2013; thus, appellant's appeal is timely. Pennsylvania Rule of Appellate Procedure 903(a) provides: "Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Therefore, appellant's case was timely filed, and there is no basis to dismiss under Pa.R.A.P. 1972(a)(3) as asserted by the Commonwealth.

The Commonwealth also contends the appeal should be dismissed under Pa.R.A.P. 1972(a)(5) as appellant has failed to preserve issues in his prior appeals, thereby waiving these issues. As stated above, this case apparently does not concern appellant's prior convictions and judgment of sentence. Accordingly, we cannot dismiss this matter for failure to comply with Pa.R.A.P. 1972(a)(5).

Lastly, the Commonwealth asserts appellant has filed an unintelligible appeal and brief in this case. *See* Pa.R.A.P. 2101, *et seq.* In this instance, we agree with the Commonwealth. We note that a *quo warranto* action is the proper method to challenge title or a right to public office and is properly instituted only by the Attorney General or local district attorney. *Commonwealth ex rel. Baldwin v. Richard*, 751 A.2d 647, 650 n.8 (Pa. 2000). While appellant appears to be challenging the authority of the judges in Blair County, we are at a complete loss to understand his ramblings. (*See* Docket #56, Writ of *Quo Warranto* at 3.) When the Court of Common Pleas of Blair County denied appellant's petition on July 23, 2013, it pointed out that the court was "unable to comprehend the petitions." (Docket #57, Order.)

Appellant's *pro se* brief completely fails to adhere to the standards set forth in the Rules of Appellate Procedure. *See* Pa.R.A.P. 2101-2135. Simply put, the brief is unintelligible. We are unable to conduct any type of meaningful analysis. "'This Court possesses discretionary authority to quash, dismiss or deny allowance of appeal based upon the substantial defects of appellant's brief. Pa.R.A.P. 2101.'" *Commonwealth v. Maris*, 629 A.2d 1014, 1017 (Pa.Super. 1993), quoting *Commonwealth v. Ely*, 554 A.2d 118, 119 (Pa.Super. 1989). Additionally, the fact that appellant is proceeding *pro se* does not excuse his total failure to comply with the rules

of appellate practice. *Maris*, 629 A.2d at 1017 n.1. As we have observed in the past:

> We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review a Court will not consider the merits thereof.

*Id.,* quoting *Commonwealth v. Sanford*, 445 A.2d 149, 150 (Pa.Super. 1982).

Based upon the foregoing, the Commonwealth's motion to dismiss is granted and appellant's appeal is dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014