J-S01038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NICOLE K. OLEKSA | |
| Appellant | No. 1212 WDA 2014 |

Appeal from the Judgment of Sentence June 25, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0000925-2014

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED DECEMBER 31, 2014**

Appellant, Nicole K. Oleksa, appeals *pro se* from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following her summary conviction for driving while operating privilege is suspended or revoked (DUI related), per 75 Pa.C.S.A. § 1543(b)(1).  On February 5, 2014, police issued Appellant a citation for driving with a suspended license (DUI related).  A magistrate convicted Appellant of the offense on April 14, 2014, and sentenced her to 60 days' imprisonment, plus a $500.00 fine.  On May 1, 2014, Appellant timely filed a summary appeal for a trial *de novo*.  On June 25, 2014, Appellant failed to appear for trial as scheduled.  Consequently, the court entered judgment on the verdict and dismissed the appeal per Pa.R.Crim.P. 462(D) (stating if defendant fails to appear, court may dismiss appeal and enter judgment on verdict of issuing authority).

Appellant timely filed a *pro se* notice of appeal on July 25, 2014. No Rule 1925(b) statement was ordered or filed. Initially, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa.Super. 2005) (internal citations omitted). ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal).

Instantly, Appellant's "brief" is a one-page document that is woefully inadequate. Significantly, Appellant's statement of questions presented merely states: "[Appellant] missed the court hearing but the lawyer was there. The lawyer tried to get [hold] of [Appellant] but could not. The court waited till last minute, but [Appellant] did not show." (Appellant's Brief at 1). Appellant's statement of questions presented fails to comply with the rules of appellate procedure. ***See*** Pa.R.A.P. 2116(a) (explaining statement of questions involved must state concisely issues to be resolved); ***Commonwealth v. Maris***, 629 A.2d 1014 (Pa.Super. 1993) (stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review). Essentially, Appellant

- 2 -

insists the officer who issued the citation told her that he would drop the charge to driving with a suspended license (non-DUI related). Notwithstanding Appellant's failure to appear at the trial *de novo*, she asks this Court to vacate and remand for resentencing on the lesser crime (of which Appellant was not convicted) because her failure to appear was "accidental."[1]  Appellant provides no cogent legal arguments, evidence, or authority to support her claim.  **See** Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority).  These substantial defects preclude meaningful review, warranting suppression of Appellant's brief and dismissal of the appeal.  **See Adams, supra**; Pa.R.A.P. 2101.  Accordingly, we suppress Appellant's brief and dismiss her appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/31/2014

_____

[1] Appellant does not claim lack of notice.  She says she was at the hospital with her fiancé.  The record shows counsel called Appellant seven times on the day of trial.