J-S60003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| N.S.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| G.S.K. | |
| Appellant | No. 648 MDA 2014 |

Appeal from the Order Entered March 11, 2014
In the Court of Common Pleas of Dauphin County
Domestic Relations at No(s): 368-DR-06

BEFORE:  OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 05, 2015**

G.S.K. ("Father") appeals *pro se*[1] from the order entered March 11, 2014, in the Dauphin County Court of Common Pleas, finding him in contempt of court for his willful failure to pay child support arrears.  The trial court sentenced him to a term of six months' intermediate punishment and a $200 fine.  We dismiss this appeal.

The "brief" Father submitted to this Court on appeal consists of one page, in which he summarizes the procedural history of his case and the

---

[1] Father was represented by the Public Defenders' Office at his March 10, 2014, contempt hearing.  However, Father filed his notice of appeal *pro se*, and first requested counsel for appeal in an untimely Pa.R.A.P. 1925(b) statement filed on April 22, 2014.  Moreover, there is no statutory or case law requiring the appointment of counsel for an indigent defendant in an appeal from a civil contempt order.

previous support orders.[2] His "brief" also violates the Pennsylvania Rules of Appellate Procedure, in that it does not contain a statement of jurisdiction, a statement of questions presented, a copy of the order at issue, or a single citation to the record. **See** Pa.R.A.P. 211, 2114-2117. More importantly, Father's "argument" consists solely of the following:

> I [Father] the obligor lacks (sic) income or assets sufficient to pay accumulated arrears of $8,900 owed to the Plaintiff [N.S.B.] to be remitted without prejudice due to inability to pay.

Father's Brief at 1.

"When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review a Court will not consider the merits thereof." **Commonwealth v. Maris**, 629 A.2d 1014, 1017 (Pa. Super. 1993). Here, the defects in Father's brief are substantial, and preclude us from conducting any meaningful appellate review of the order on appeal. **See Commonwealth v. Greenwalt**, 796 A.2d 996, 997 (Pa. Super. 2002). Although "[t]his Court is willing to liberally construe materials filed by a *pro se* appellant … [Father] is not entitled to special treatment by virtue of the fact that he lacks legal

---

[2] Father also attached to his brief two documents: (1) a purported copy of his child's high school diploma, and (2) a "Notice of Proposed Modification," signed only by Father. Both documents, however, are dated June 6, 2014, **after** the contempt order and appeal were filed.

training." ***Maris***, ***supra***, 629 A.2d at 1017, n.1 (citation and internal punctuation omitted). Therefore, we are compelled to dismiss this appeal.[3]

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015

_____

[3] We note that contrary to the trial court's representation, Father did file a Pa.R.A.P. 1925(b) concise statement, albeit after the requisite 21-day period. The trial court entered and served its Rule 1925 order on March 28, 2014. Father filed a purported concise statement 25 days later, on April 22, 2014. Nevertheless, even if we were to overlook the timeliness of the concise statement, the only discernible issue raised therein was a challenge to the Dauphin County court's jurisdiction, as Father claims the case should have been transferred to York County ***See*** Statement, 4/22/2014, at 2-3 (stating Mother and child lived continuously in York County, and case should have been transferred there when Father moved back to York County in 2010). However, Father never objected to the court's jurisdiction below, and therefore, any challenge on appeal would, in any event, be waived. ***See*** Pa.R.A.P. 302.