J-S13040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHELLE UHRIN | |
| Appellant | No. 1575 WDA 2014 |

Appeal from the Judgment of Sentence entered September 23, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0000246-2014

BEFORE:  BENDER, P.J.E., MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 23, 2015**

Appellant Michelle Uhrin appeals from the September 23, 2014 judgment of sentence entered in the Court of Common Pleas of Fayette County ("trial court"), following her jury conviction for retail theft and defiant trespass.[1]  Upon review, we affirm.

The facts and procedural history underlying this appeal are undisputed.  On October 19, 2013, Pennsylvania State Trooper Nathan Swink charged Appellant with retail theft and defiant trespass.  The case proceeded to trial, at which the Commonwealth presented the testimony of Arthur Engle, among others.  Engle testified he was employed as an asset protection associate by Wal-Mart in Connellsville, Fayette County.  *See* N.T.

---

[1] 18 Pa.C.S.A. §§ 3929(a)(1), 3503(b)(1)(i).

Trial, 9/11/14, at 7-8. Engle testified that, on October 19, 2013, he "observed [Appellant] selecting merchandise, concealing that merchandise into a purse that she had sitting on the top of a shopping cart as well as selecting additional merchandise and placing it under the purse that was sitting in the shopping cart." *Id.* at 8-9. He further testified Appellant paid for some of the merchandise at a pharmacy checkout counter. *Id.* at 9. Appellant, however, did not pay for the items concealed inside and under the purse. *Id.* Engle testified that after checking out at the pharmacy, Appellant "proceed[ed] to exit the store." *Id.* In describing the location of the exit, Engle testified:

> Our checkout counters, I mean most people that go to Wal-Mart, it is usually the same set-up. We have our row of cash registers or checkouts and when you come from the pharmacy, you will go around the corner around some water bottle display, and then out our general merchandising exit which is past the checkouts and through our EAS, or Electronic Article Surveillance System, out into the vestibule.

*Id.* at 10. Engle also testified that, to exit the store, customers have to walk "past the last point of sale, and past those Electronic Article Surveillance pedestals." *Id.* Engle explained that Wal-Mart allows "every opportunity for merchandise to be paid for." *Id.* He testified that he observed Appellant leaving the store and approached her "past the EAS Systems and in the vestibule." *Id.* at 11.

Engle testified that he accompanied Appellant to "the Asset Protection Office," where Appellant returned the concealed merchandise to him. *Id.* He also testified that when he asked Appellant whether she had any

additional unpaid merchandise, "[Appellant] started removing more merchandise and handing it to me." *Id.* at 12. He testified that the unpaid merchandise included "deodorant, chewable Tums, body sprays, hair dye, and lip balm," totaling $37.83. *Id.* at 14, 21. Engle testified that upon entering Appellant's name into Wal-Mart's database, he discovered a "trespass notice" issued to Appellant on September 9, 2012. *Id.* at 16-18. Engle explained the notice meant Appellant was "no longer welcome or wanted on Wal-Mart property." *Id.* at 18. He further testified that Appellant "recall[ed] receiving that notice and signing for it." *Id.* at 20.

The jury, thereafter, found Appellant guilty of retail theft and defiant trespass.[2] On September 23, 2014, the trial court sentenced Appellant to sixteen to thirty-two months' imprisonment for retail theft. *See* N.T. Trial, 9/23/14, at 3. The trial court did not impose upon Appellant any term of incarceration for the defiant trespass conviction. *Id.* Appellant filed a timely appeal.

In her Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant raised only one assertion of error: "The evidence was insufficient to find [Appellant] guilty beyond a reasonable doubt of retail theft and defiant trespass." Appellant's Rule 1925(b) statement, 10/1/14. In

---

[2] On direct examination, Appellant testified that she was convicted for retail theft once in 2007 and three times in 2009. *See* N.T. Trial, 9/11/14, at 57-58.

response, the trial court issued a Pa.R.A.P. 1925(a) opinion.  The trial court concluded Appellant's assertion of error was meritless because the Commonwealth presented sufficient credible evidence to establish retail theft and defiant trespass.  Trial Court Opinion, 11/19/14, at 5.

On appeal, Appellant repeats the same assertion of error.[3, 4]  Because Appellant challenges both convictions based upon a sufficiency of the evidence, we address her challenge with respect to each conviction separately.

_____

[3] We note with disapproval that Appellant failed to specify in her Rule 1925(b) statement and questions presented section of her brief the element or elements of retail theft and defiant trespass upon which the evidence was insufficient.  Although ordinarily we would consider such failure to be sufficient grounds for waiver, we make an exception in the instant case in part because the Commonwealth does not object.  **Commonwealth v. Garang**, 9 A.3d 237, 244 (Pa. Super. 2010).

[4] We likewise note with disapproval Appellant's failure to provide the facts of this case in the "statement of the case" section of his brief.  Instead, she provided a five-sentence summary of procedural history irrelevant to the issues raised.  Appellant's brief violates Rule 2117(a)(4), which requires an appellant to set forth "[a] closely condensed chronological statement, in narrative form, **of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found**."  Pa.R.A.P. 2117(a)(4) (emphasis added); **see also Commonwealth v. Maris**, 629 A.2d 1014, 1016 (Pa. Super. 1993) (quashing appeal because, among other reasons, appellant's statement of the case "only attempts to provide some minimal information regarding the procedural and factual history of the case").  Nevertheless, we decline to find waiver on this basis.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of ***wholly circumstantial evidence***. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Antidormi***, 84 A.3d 736, 756 (Pa. Super. 2014) (emphasis added), ***appeal denied***, 95 A.3d 275 (Pa. 2014).

We first address Appellant's contention that the evidence was insufficient to sustain a conviction for retail theft.

Section 3929 of the Crimes Code, relating to retail theft, provides in pertinent part:

> **(a) Offense defined.--**A person is guilty of a retail theft if he:
>
>> (1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]

18 Pa.C.S.A. § 3929(a)(1).

Here, the evidence presented at trial, viewed in a light most favorable to the Commonwealth, establishes the Commonwealth proved the necessary elements of retail theft. As the trial court found "[t]he testimony established that Appellant secreted in her purse, and under her purse, merchandise displayed and offered for sale by Wal-Mart and attempted to leave the premises without paying for the merchandise." Trial Court Opinion, 11/19/14, at 5. Specifically, the evidence in this case demonstrates Appellant walked past the last point of sale and through Wal-Mart's EAS System with the unpaid items in her possession and was stopped by Engle in the vestibule.

Appellant's argument that her conviction for retail theft was based on conjecture and that she had not exited the store is entirely without merit, as it ignores our applicable standard of review. The totality of the circumstances plainly establish beyond a reasonable doubt that Appellant did not intend to pay for the items when she was stopped in the vestibule after walking past the last point of sale and through the EAS System. The jury verdict, therefore, was not based on conjecture or speculation.

To the extent Appellant, in proffering her version of the facts, argues the Commonwealth failed to carry its burden, we reject such argument as meritless. We construe Appellant's argument as challenging the weight of the evidence and credibility determinations. As we stated above, this Court may not re-weigh the evidence or substitute its judgment for that of the finder of fact. In fact, the finder of fact while passing upon the credibility of

witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.  **See Antidormi**, **supra**.

We now turn to Appellant's contention that the evidence is insufficient to sustain a conviction for defiant trespass.  Specifically, Appellant argues:

> the Commonwealth failed to establish that [A]ppellant was given actual communication and defied a direct order to leave the store.  The Commonwealth failed to prove [A]ppellant knowing she was not authorized or privileged to do so, did enter or remain in Walmart as to which notice against trespass was given by actual communication by the owner.

Appellant's Brief at 16.

Section 3503 of the Crimes Code, relating to criminal trespass, provides in pertinent part:

> **(b) Defiant trespasser.--**
>
> (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:
>
> (i) actual communication to the actor[.]

18 Pa.C.S.A. § 3503(b)(1)(i).

Instantly, the evidence presented at trial, viewed in a light most favorable to the Commonwealth, establishes the Commonwealth proved the necessary elements of defiant trespass.  The evidence in this case establishes Appellant went to Wal-Mart, knowing that she was barred from Wal-Mart property.  In this regard, the trial court specifically noted "[Appellant] also acknowledged that she had been previously **given actual**

- 7 -

**notice** that she was not permitted on any Wal-Mart property."[5]  Trial Court Opinion, 11/19/14, at 5 (emphasis added).

In sum, given the evidence presented at trial, the jury could, and did, reasonably infer Appellant violated Sections 3929(a)(1) and 3503(b)(1)(i) of the Crimes Code.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015

---

[5] At trial, Appellant testified she recalled signing the trespass notice. **See** N.T. Trial, 9/11/14, at 63-64.