J-A10032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM ELLIS, JR. | : | |
| | : | |
| Appellant | : | No. 1164 MDA 2021 |

Appeal from the Order Entered August 19, 2021
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-MD-0000477-2017

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

JUDGMENT ORDER BY KING, J.:          **FILED: APRIL 18, 2022**

Appellant, William Ellis, Jr., appeals *pro se* from the order entered in the Berks County Court of Common Pleas, denying his motion seeking release from the payment of fines and costs.  We dismiss the appeal.

The relevant facts and procedural history of this case are as follows.  On March 30, 2017, the court convicted Appellant of indirect criminal contempt for his violation of a protection from abuse order (**see** 23 Pa.C.S.A. § 6113(a)).  The court sentenced Appellant on April 6, 2017, to four (4) months of probation and ordered Appellant to have no contact with the victim.  The court also imposed fines and costs.

On March 26, 2021, Appellant filed a *pro se* motion seeking release from the payment of fines and costs, claiming an inability to pay.  The court held a hearing on the motion on August 5, 2021.  On August 19, 2021, the court

denied Appellant's motion and ordered him to perform community service in lieu of fines and costs. Specifically, the order stated that Appellant would receive credit for each hour of community service at the rate of $10.00/hour and that Appellant could pay the fines and costs in whole or in part in cash at any time prior to completion of the community service.[1] Appellant timely filed a notice of appeal on August 31, 2021. On September 2, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed an initial concise statement on September 14, 2021, and an amended concise statement on September 21, 2021.

Initially, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa.Super. 2005) (internal citations omitted). *See also* Pa.R.A.P. 2114-2119 (addressing

---

[1] *See* 42 Pa.C.S.A. § 9730(b)(3) (stating if defendant is in default of payment of costs, fines, or restitution, issuing authority may sentence defendant to period of community service as issuing authority finds to be just and practicable under circumstances).

specific requirements of each subsection of brief on appeal).

Instantly, Appellant's "brief" is less than three pages and woefully inadequate. Appellant's brief fails to include the necessary statement of jurisdiction, relevant scope and standard of review, statement of the case, summary of the argument, and omits any argument section. **See** Pa.R.A.P. 2111(a) (discussing required content of appellate briefs). Significantly, Appellant also fails to present any statement of issues presented on appeal. **See** Pa.R.A.P. 2116 (discussing statement of questions involved). **See also Commonwealth v. Maris**, 629 A.2d 1014 (Pa.Super. 1993) (stating that omission of statement of issues presented is particularly grievous since statement of questions involved defines specific issues this Court is asked to review). Essentially, Appellant complains the court's imposition of community service in lieu of the fines and costs that Appellant claimed he was unable to pay was "unfair." Nevertheless, Appellant provides no cogent legal arguments or authority to support his claims. **See** Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority). These substantial defects preclude meaningful review, warranting suppression of Appellant's brief and dismissal of the appeal. **See Adams, supra**; Pa.R.A.P. 2101. Accordingly, we suppress Appellant's brief and dismiss his appeal.

Appeal dismissed.  Case is stricken from the argument list.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/18/2022