J-S33010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DERRICK RICO TAYLOR, JR. | : | |
| | : | |
| Appellant | : | No. 670 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 3, 2022,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s):  CP-46-SA-0000698-2021.

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED OCTOBER 24, 2022**

Derrick Rico Taylor, Jr. appeals, *pro se*, from the judgment of sentence, imposing $350 in fines and costs after the trial court convicted him of various summary offenses arising from a traffic incident.[1]  Because Mr. Taylor did not comply with many appellate rules, we dismiss his appeal.

As explained in the trial court's Pennsylvania Rule of Appellate Procedure 1925(a) Opinion, Mr. Taylor did not perform the duties required of an appellant to perfect an appeal.  First, he did not attach the docket entry of the appealed-from order to his notice appeal.  **See** Trial Court Opinion, 6/13/22, at 2. Second, Mr. Taylor did not include a request for the transcript of his non-jury trial.  **See id.**   Third, he did not serve his notice of appeal on the

---

[1] **See** 75 Pa.C.S.A. §§ 3301(a) (failing to drive on the right side of the road); 3306(a)(2) (improperly approaching an intersection); 3309(1) (failing to drive within a single lane of traffic); and 3714(a),(c) (carelessly driving and causing serious bodily injury).

Commonwealth, the trial judge, or the court reporter. *See id.* at 2-3. Because he failed to inform the court reporter of his appeal, the court reporter never produced a transcript of the trial. As a result, this Court has no record to review.

Mr. Taylor's failure to follow the appellate rules has left us in the dark as to the facts of his case. Therefore, he has made it impossible for this Court to perform its appellate function. Ensuring the transmission of a complete record (including the trial transcript) was Mr. Taylor's responsibly, because he is the one appealing. *See Commonwealth v. Williams*, 715 A.2d 1101, 1106 (Pa. 1998) (obligating appellant to purchase the transcript of the trial-court proceeding and ensuring its transmission to the appellate court).

Moreover, Mr. Taylor has not filed anything that could reasonably be called an appellate brief with this Court. He provided us with a one-page, handwritten document that is 16 lines in length.

When appearing before Pennsylvania's appellate courts, the appealing party must adequately brief us regarding his claims of trial-court error. Under the appellate rules, an appellant's brief must consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

    (6)    Summary of argument.

    (7)    Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

    (8)    Argument for appellant.

    (9)    A short conclusion stating the precise relief sought.

Pennsylvania Rule of Appellate Procedure 2111(a).

Mr. Taylor's one-page filing contains none of the foregoing sections and discusses no issues of trial-court error.[2]  Hence, we have nothing to review.

"This Court possesses discretionary authority to quash, dismiss, or deny allowance of appeal based upon the substantial defects of [an] appellant's brief." **Commonwealth v. Maris**, 629 A.2d 1014, 1017 (Pa. Super. 1993) (citing Pa.R.A.P. 2101).  While we will "liberally construe materials filed by a *pro se* appellant," we may not give a *pro se* litigant special treatment simply because he "lacks legal training." **Id.**  Mr. Taylor's procedural missteps and defective brief prevent us from conducting a meaningful review.[3]

Appeal dismissed.

---

[2] Mr. Taylor states that the trial court should have allowed testimony from his passenger, but we have no transcript to see how the testimony was offered, or how the trial court ruled on this evidence.  He also requests an investigation and accident reconstruction by the state of Pennsylvania, but he cites no authority that entitles him to such relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/24/2022</u>