J-A25003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GITO, INC D/B/A/ NELLO CONSTRUCTION COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JAMISON HARDY | : | No. 265 WDA 2022 |

Appeal from the Order Entered February 11, 2022,
in the Court of Common Pleas of Washington County,
Civil Division at No(s):  No. 2021-6997.

BEFORE:  KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: DECEMBER 9, 2022**

In this libel case, Gito, Inc., D/B/A Nello Construction Company, appeals from the order sustaining the preliminary objections of Jamison Hardy and dismissing its complaint.  Because Nello failed to attach the allegedly libelous writing to that complaint, we affirm.

On October 28, 2021, Nello filed a complaint with a single count for libel *per se* against Mr. Hardy.  According to the complaint, in March of 2021, Mr. Hardy "stated in a Facebook page/group called 'Peters Township Buzz News' that Nello Construction was a 'corrupt and incompetent construction company,' in relation to Nello's construction of the new Peters Township High School."   Complaint at 2.

However, Nello declined to attach a verified copy of the allegedly libelous post to its complaint.  **See** Nello's Brief in Support of Response to Preliminary Objections at 2 (stating that "this is not a contract matter where the terms of

the same are dispositive and/or in dispute [and] Nello . . . would like to limit the distribution of said publication.") Thus, Mr. Hardy filed, and the trial court sustained, a preliminary objection based upon Pennsylvania Rule of Civil Procedure 1019(i). That Rule dictates, "When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof" to the complaint. Pa.R.C.P. 1019(i).

The trial court also sustained five additional preliminary objections that Mr. Hardy raised. One of those was in the nature of a demurrer. The trial court then entered an order dismissing the complaint based upon all six sustained, preliminary objections. This timely appeal followed.

Nello raises one issue challenging the decision to sustain the demurrer. *See* Nello's Brief at 4 (framing the appellate issue as "Whether the trial court committed an error of law by holding that calling [Nello] 'corrupt' did not amount to [libel *per se*] under applicable Pennsylvania law.")

Thus, none of the other five sustained, preliminary objections is before this Court for review. Indeed, Mr. Hardy contends that, because Nello "failed to raise such issues within its statement of questions involved or address any such arguments in its [appellant's] brief, such issues are waived or otherwise abandoned." Hardy's Brief at 16. We agree.

Whether a party has waived an issue on appeal "presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." ***Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020).

- 2 -

This Court has long held that "the statement of questions involved defines the specific issues this Court is asked to review." **Commonwealth v. Maris**, 629 A.2d 1014, 1016 (Pa. Super. 1993). "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116. Accordingly, the five other preliminary objections that the trial court sustained, which Nello omitted from its statement of questions involved, are outside our scope of review, and we dismiss them as waived. Contrary to Nello's unsubstantiated claims in its appellate brief, those five determinations became final when Nello elected not to appeal them.

Due to Nello's waiver, if any of those determinations sufficiently supports the trial court's order to dismiss the complaint, we must affirm the order.

Our rules and precedents make clear that failure to attach an essential writing to the complaint is fatal to the plaintiff's case. As previously stated, "When any claim or defense is based upon a writing, the pleader **shall attach** a copy of the writing, or the material part thereof" to the complaint. Pa.R.C.P. 1019(i) (emphasis added). "Ordinarily, a complaint should be stricken for failure to attach an essential document." 3 STANDARD PENNSYLVANIA PRACTICE 2d § 16:43.

Just as a written contract is the essential document in a contract action, a libelous writing is the essential document in a libel action. This is due to the fact that whether a writing is "capable of having a defamatory meaning is

a question of law for the court to determine in the first instance." ***Burns v. Cooper***, 244 A.3d 1231, 1236 (Pa. Super. 2020), *reargument denied* (Oct. 14, 2020), *appeal denied*, 252 A.3d 235 (Pa. 2021). To make such a determination "a court must view the statement in context." ***Kuwait & Gulf Link Transp. Co. v. Doe***, 216 A.3d 1074, 1085 (Pa. Super. 2019). Hence, having a copy of the libel attached to the complaint is necessary to permit the court to review the allegedly defamatory statement in context.

Nearly 50 years ago, this Court held that failing to attach the libel to the complaint necessitated dismissal of the action at preliminary objections. We said, "If plaintiff had in his possession a letter by defendant company, upon which the charge of libel was based, such letter should have been alleged in the complaint and a copy attached and made a part thereof." ***Gross v. United Engineers & Constructors Inc.***, 302 A.2d 370, 372 (Pa. Super. 1973).

The fact that the defendant had authored the letter and therefore knew its contents was irrelevant. "Regardless of the knowledge of the adverse party, the pleader must aver the material facts so that the basis for his claim or defense appears of record, and so that both the trial and the appellate court can determine the issues to be tried." ***Id.***

Attaching the libel to one's complaint is critical, because, when reviewing an order sustaining preliminary objections, our scope of review is confined to the facts averred (***and verified***) in the complaint. "Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; ***no testimony or other evidence outside of the***

- 4 -

***complaint may be considered*** to dispose of the legal issues presented by the demurrer." ***Barton v. Lowe's Home Centers, Inc.***, 124 A.3d 349, 354 (Pa. Super. 2015) (emphasis added).

Thus, the fact that Nello subsequently submitted an unverified copy of the alleged Facebook post to the trial court for *in camera* review does not cure the insufficiently drafted complaint. The evidence that Nello submitted post-complaint was outside the trial court's scope of review, because it was not part of a verified pleading. Furthermore, it is outside our scope of review as well. For purposes of this appeal, the libelous Facebook post does not exist.

Thus, we affirm the order sustaining preliminary objections based upon Pa.R.C.P. 1019(i), ***supra***. We dismiss Nello's sole appellate issue as moot. Even if the trial court erroneously sustained the demurrer, the appealed-from order would stand on an alternative basis — namely, that Nello did not attach the libel to its complaint for libel.[1]

Order affirmed.

---

[1] We note that, in ***Gross v. United Engineers & Constructors Inc.***, 302 A.2d 370, 373 (Pa. Super. 1973), this Court stated that the plaintiff received "numerous opportunities to amend his complaint to include legally sufficient allegations of libel or slander" and failed to do so. The ***Gross*** Court seemingly based its decision to affirm, at least in part, upon the plaintiff's failure to amend. However, Nello did not appeal the issue of whether the trial court abused its discretion by dismissing his complaint for failure to attach the Facebook post, rather than granting him leave to amend the complaint. Thus, for the reasoning above, that procedural issue is waived. We may not decide whether a trial court committed an abuse of discretion where, as here, such an issue is neither raised nor argued in an appellant's brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/9/2022</u>