J-S23017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| WPHS VENTURE PARTNERS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHUAYB GREENAWAY | : | |
| | : | |
| Appellant | : | No. 113 EDA 2023 |

Appeal from the Order Entered December 20, 2022,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  221201860.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED AUGUST 29, 2023**

Shuayb Greenaway appeals, *pro se*, from the trial court's order denying his petition to vacate a judgment by agreement that he and WPHA Venture Partners, LLC ("Landlord") entered in the Municipal Court of Philadelphia.[1]  Mr. Greenaway's appellate brief is woefully defective; thus, we dismiss the appeal.

When appearing before Pennsylvania's appellate courts, the appealing party must adequately brief his claims of error by the trial court.  This allows us to perform meaningful appellate review of the appellant's specific issues. Under the Pennsylvania Rules of Appellate Procedure, appellant's brief must consist of the following sections, separately and distinctly headed:

(1)   Statement of jurisdiction.

(2)   Order or other determination in question.

---

[1] Landlord initially sued Mr. Greenaway in the Municipal Court, and the parties entered a judgment by agreement.  Mr. Greenaway appealed to the trial court, where he only filed a petition to vacate the judgment by agreement.  The trial court denied his petition in an order disposing of all claims and all parties.

(3)     Statement of both the scope of review and the standard of review.

(4)     Statement of the questions involved.

(5)     Statement of the case.

(6)     Summary of argument.

(7)     Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)     Argument for appellant.

(9)     A short conclusion stating the precise relief sought.

Pennsylvania Rule of Appellate Procedure 2111(a).  Moreover, each section has its own mandatory briefing rules.  **See** Pa.R.A.P. 2114-2119.

Mr. Greenaway's 80-page filing contains none of the foregoing sections and raises no specific claim of trial-court error.  "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."  Pa.R.A.P. 2116(a).  Because Mr. Greenaway has no statement-of-questions-involved section in his brief, he preserved no appellate issue for this Court to review.

Instead of raising and arguing appellate issues, Mr. Greenaway's filing is more like a complaint to commence a lawsuit in a court of common pleas. For example, he begins by accusing Landlord of having "fraudulently induced" him into entering the judgment by agreement in the Municipal Court. Greenaway's Brief at 3.  He then lists new causes of action for Fraud, Negligent Misrepresentation, Inducement, Unconscionability, and Duress.  **See id.** at 5-8.  Thereafter, he prays for relief – namely, that we vacate the judgment by

agreement and the writ of possession which the Sheriff of Philadelphia County executed after the parties entered the judgment by agreement in Municipal Court. **See id.** at 9-12. The final 70-plus pages of the document are exhibits, which Mr. Greenaway relies upon to support his factual allegations.

Hence, he appears to think this Court has original jurisdiction to decide this case *de novo* (*i.e.*, from scratch). That is incorrect. Under Pennsylvania law, the "Superior Court shall have **no** original jurisdiction . . . ." 42 Pa.C.S.A. § 741(a) (emphasis added). Instead, "the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings . . . ." 42 Pa.C.S.A. § 931(a).

This Court lacks jurisdiction to determine whether the allegations Mr. Greenaway makes against Landlord are true, because this Court does not hold trials or take witnesses testimony. Holding trials is the function of trial courts, not this Court. Thus, the allegations in Mr. Greenaway's brief against Landlord carry no weight on appeal, because we have no authority (or even a process) to decide whether his allegations are true. Nor may we review the 70-plus pages of exhibits that Mr. Greenaway attached to his brief, because they do not appear in the certified record from the trial court. "Documents that never were part of the record in the trial court may not be placed in the [appellant's] reproduced record." **Erie Ins. Exch. v. Moore**, 175 A.3d 999, 1004 n.2 (Pa. Super. 2017), *affirmed*, 228 A.3d 258 (Pa. 2020).

In short, we only "determine if errors were made [by the trial judge] in cases heard at the trial court level." Administrative Office of Pennsylvania

Courts, "Pennsylvania Justice: Understanding the Courts" at 2, available at https://www.pacourts.us/Storage/media/pdfs/20210517/172641-file-8421.pdf (last visited 7/16/23). As such, to frame an issue for an appellate court, an appellant must ask, in his statement of questions involved, whether the trial court erred or abused its discretion by entering the order or judgment on appeal. In the brief's argument, an appellant must then develop that issue (or issues) by convincing us that the trial court mistakenly interpreted or applied the law, usually under the presumption that the trial court's factual findings are true.

In his brief, Mr. Greenaway did none of those things. He does not even identify an error by the trial court.[2]

"This Court possesses discretionary authority to quash, dismiss, or deny allowance of appeal based upon the substantial defects of [an] appellant's brief." *Commonwealth v. Maris*, 629 A.2d 1014, 1017 (Pa. Super. 1993) (citing Pa.R.A.P. 2101). Although we will "liberally construe materials filed by a *pro se* appellant," we may not give a *pro se* litigant special treatment because he "lacks legal training." *Id.* Mr. Greenaway's defective brief prevents us from conducting a meaningful appellate review of any error by

---

[2] We note that the trial court wrote a Pa.R.A.P. 1925(a) Opinion urging us to find waiver, because Mr. Greenaway filed his Statement of Errors late. He claims that his eviction from Landlord's apartment caused his untimely reply. However, we need not adjudicate this procedural quandary, because Mr. Greenaway's defective brief renders the Rule-1925(b)-wavier issue moot.

the trial court. His many violations of the rules governing an appellant's brief leave us no choice but to dismiss his appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2023