J-S36038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHALETA BARBARA HEYWARD | : | |
| | : | |
| Appellant | : | No. 472 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 1, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0003867-2022

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                **FILED OCTOBER 17, 2023**

Appellant, Shaleta Barbara Heyward, appeals *pro se* from the judgment of sentence entered in the Bucks County Court of Common Pleas, following her bench trial convictions for the summary offenses of driving vehicle at safe speed, careless driving, and restriction on alcoholic beverages.[1]  We dismiss the appeal.

In its opinion, the trial court set forth the relevant facts and procedural history of this case as follows:

> At trial, the Commonwealth presented evidence that, on April 18, 2022, Corporal Duncan responded to a report that Appellant crashed her vehicle into a tree in an embankment on the side of the road.  At the scene, Appellant was combative and resisted Corporal Duncan's help.  Corporal Duncan detected an odor of alcohol and later discovered an open alcoholic beverage had spilled all over the interior of

---

[1] 75 Pa.C.S.A. §§ 3361; 3714(a); and 3809(a), respectively.

Appellant's vehicle. Appellant was transported to police headquarters where she refused to submit to a blood test. The Commonwealth entered into evidence photographs of the vehicle crash and video footage of Appellant's interactions with officers at police headquarters.

Immediately following the waiver trial, this [c]ourt sentenced Appellant to pay the costs of prosecution and fines. No further penalty was imposed. On February 3, 2023, the Bucks County Public Defender's Office filed a Motion to Withdraw Appearance as Appellant's convictions do not qualify her for their representation.[5] This [c]ourt granted that Motion, and the Bucks County Public Defender's Office provided all discovery and the preliminary hearing transcript to Appellant. On February 9, 2023, Appellant filed a *pro se* Notice of Appeal to the Superior Court.

> [5] The Bucks County Public Defender's Office does not represent defendants charged with offenses that do not carry the possibility of incarceration. Appellant's three convictions carry no mandatory minimum penalty of incarceration and this [c]ourt sentenced her only to pay costs and fines.

(Trial Court Opinion, filed 3/15/23, at 1-2). On February 15, 2023, the court ordered Appellant to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b). Appellant did not comply with the court's order in a timely manner.[2]

Initially, we recognize:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an

---

[2] After her concise statement was already due, Appellant sought an extension of time to file, which the court subsequently denied for lack of good cause shown. (*See id.* at 2 n.6). Nevertheless, on May 1, 2023, Appellant filed a belated Rule 1925(b) statement.

appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

*Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa.Super. 2005) (internal citations omitted). *See also* Pa.R.A.P. 2101 (explaining that briefs which fail to conform with requirements of rules may be suppressed, and, if defects in brief are substantial, appeal may be quashed or dismissed).

Instantly, Appellant's brief fails to adhere to the rules of appellate procedure. Appellant's "brief" consists of a two-page letter, which does not include, *inter alia*, the requisite scope and standard of review, a summary of the argument section, or, most egregiously, a statement of the questions to be raised on appeal. *See* Pa.R.A.P. 2114-2119 (stating requirements of each subsection of brief); *Commonwealth v. Maris*, 629 A.2d 1014 (Pa.Super. 1993) (stating that omission of statement of issues presented is particularly grievous since statement of questions involved defines specific issues this Court is asked to review). Although Appellant baldly raises claims of insufficient evidence, lack of due process, and a violation of Appellant's rights, she does not provide any citation to legal authority whatsoever to support her assertions. *See* Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority). These substantial defects preclude

meaningful review. **See Adams, supra**; Pa.R.A.P. 2101. Accordingly, we dismiss the appeal.[3]

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2023

---

[3] Appellant has filed an application for relief in this Court, seeking to quash or dismiss the charges against her. We deny Appellant's requested relief.