J-A11022-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MELISSA JO RITZMAN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AARON JAMES BRESSI | : | |
| | : | |
| Appellant | : | No. 1071 MDA 2025 |

Appeal from the Order Entered May 7, 2025
In the Court of Common Pleas of Northumberland County Civil Division at
No(s): CV-2025-00713

BEFORE:  BECK, J., NEUMAN, J., and BENDER, P.J.E.

JUDGMENT ORDER BY NEUMAN, J.:                    **FILED: MAY 5, 2026**

Appellant, Aaron James Bressi, appeals *pro se* from the May 7, 2025 order granting Appellee, Melissa Jo Ritzman, relief pursuant to the Protection from Abuse ("PFA") Act, 23 Pa.C.S. §§ 6101-6122.  We dismiss this appeal.

Due to our disposition, we need not delve deeply into the underlying facts and procedural history of this matter.  Briefly, on April 29, 2025, Ms. Ritzman filed a petition seeking a PFA order against Appellant.  The trial court entered a temporary PFA order against Appellant that same day.  A hearing on the petition took place on May 7, 2025, after which the trial court entered a three-year final PFA order against Appellant.

On May 28, 2025, Appellant filed a timely notice of appeal from the trial court's May 7, 2025 order.[1]  On August 14, 2025, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement within 21 days.  While Appellant sent correspondences to the trial court inquiring about a purported emergency PFA petition he said he filed that does not appear on the instant trial court docket, as well as seeking copies of PFA filings made at another trial court docket, he did not file a concise statement.  On November 10, 2025, the trial court issued a statement in support of its May 7, 2025 order, in which it noted it did not receive a concise statement from Appellant and therefore found any issue he intended to raise on appeal to be waived.

It is unnecessary for us to consider whether Appellant has waived any issues by failing to file a Rule 1925(b) statement, as we are compelled to dismiss this appeal on other grounds.  It is well-established appellate briefs must comply with our Rules of Appellate Procedure.  **See** Pa.R.A.P. 2101. Further, "if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." **Id.**  Rule 2111 governs the contents of the appellant's brief and sets forth what the brief must include.  Pa.R.A.P. 2111(a).

Here, the defects in Appellant's brief are substantial.  Among other things, in contravention of Rule 2111(a), his brief fails to include a statement

---

[1] We note Appellant has also filed other related appeals at: 1064 MDA 2025; 1072 MDA 2025; 107 MDA 2026; 143 MDA 2026; 322 MDA 2026; and 360 MDA 2026.  The instant appeal was not listed consecutively to these other appeals, as it was on a substantially different briefing schedule.

of jurisdiction; a statement of both the scope and standard of review; a statement of the questions involved; a statement of the case; a summary of the argument; an argument; and a short conclusion stating the precise relief sought. *See id.* Instead, his brief merely advances the following:

> The Plaintiff did in fact falsify Pursuant to 18 Pa.C.S. § 4904 Crimes Code the Petition for Protection from Abuse in this case.
>
> The Trial Court's decision must be overturned due to it was manifestly unreasonable. See Heard v. Heard, 614 A.2d 255, 26[0-6]1. (Pa. Super 1992). Falsified Petition for PFA.

Appellant's Brief at 2 (*verbatim*).

We recognize Appellant is proceeding *pro se*. While this Court is willing to liberally construe materials filed by *pro se* appellants, *pro se* appellants are not entitled to special treatment by virtue of the fact they lack legal training. ***Commonwealth v. Maris***, 629 A.2d 1014, 1017 n.1 (Pa. Super. 1993) (citation omitted). "We decline to become [an] appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a [c]ourt will not consider the merits thereof." ***Id.*** (citation and footnote omitted).

Because of the substantial defects in Appellant's brief, we are unable to conduct any meaningful review. Accordingly, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/05/2026