J-S53032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JERMAINE I. GOODMAN | : | |
| | : | |
| Appellant | : | No. 2748 EDA 2017 |

Appeal from the PCRA Order August 4, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005440-2009

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED SEPTEMBER 05, 2018**

Appellant, Jermaine I. Goodman, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On May 4, 2010, Appellant entered a negotiated guilty plea to aggravated assault, possession of a firearm prohibited, possession of an instrument of crime, and retail theft.  The court sentenced Appellant that same day to an aggregate term of 10 to 20 years' imprisonment.  On August 7, 2012, this Court vacated the judgment of sentence and remanded to the trial court for resentencing in accordance with the terms of his negotiated plea agreement.  The court resentenced Appellant on August 14, 2014, to an aggregate term of 10 to 20 years' imprisonment. This Court affirmed the judgment of sentence on November 12, 2015; our

_____
*   Retired Senior Judge assigned to the Superior Court.

Supreme Court denied a petition for allowance of appeal on March 16, 2016.

*Commonwealth v. Goodman*, 134 A.3d 488 (Pa.Super. 2015) (unpublished memorandum), *appeal denied*, ___ Pa. ___, ___ A.3d ___ (2016).

Appellant timely filed a *pro se* PCRA petition on February 22, 2017. The PCRA court appointed counsel on March 21, 2017, who filed a *Turner/Finley*[1] letter and a motion to withdraw as counsel on June 8, 2017. That same day, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907. On August 4, 2017, the PCRA court dismissed Appellant's PCRA petition and granted counsel's motion to withdraw. Appellant timely filed a *pro se* notice of appeal on August 16, 2017. The PCRA court did not order and Appellant did not file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Initially, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa.Super. 2005)

---

[1] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (en banc).

(internal citations omitted). **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal).

Instantly, the defects in Appellant's brief are substantial. Appellant's brief falls well below the standard delineated in the Rules of Appellate Procedure. Significantly, Appellant did not include a statement of jurisdiction or a statement of questions involved. **See** Pa.R.A.P. 2114, 2116; **Commonwealth v. Maris**, 629 A.2d 1014, 1015 (Pa.Super. 1993) (stating omission of statement of questions involved is particularly grievous because it defines specific issues for review). Additionally, Appellant's brief does not have a statement of the scope and standard of review or a summary of the argument. **See** Pa.R.A.P. 2111(a)(3), 2118. These substantial defects preclude meaningful review and warrant suppression of Appellant's brief[2] and dismissal of the appeal. **See Adams, supra**; Pa.R.A.P. 2101. Accordingly, we suppress Appellant's brief and dismiss his appeal.

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/18

---

[2] The bulk of Appellant's brief asserts his PCRA and appellate counsel, as well as the trial court and this Court, incorrectly stated the facts of Appellant's case. The certified record, however, belies Appellant's assertions.