J-S33021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BENJAMIN WAYNE MERRING | : | |
| | : | |
| Appellant | : | No. 3270 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 16, 2019
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-SA-0000028-2019

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                **FILED AUGUST 14, 2020**

Benjamin Wayne Merring (Appellant) appeals *pro se* from the judgment of sentence imposed following his conviction of driving while operating privileges are suspended or revoked, a summary offense.[1]  We affirm.

The trial court summarized the facts and procedural history:

On August 12, 2019, [Appellant] filed a Notice of Appeal from Summary Conviction for Driving While Operating Privileges are Suspended or Revoked by Magisterial District Justice Shannon Muir and sentenced to a mandatory license suspension and to pay fines, costs and restitution in the amount of $324.50.  On October 16, 2019, a hearing was held on Appellant's Summary Appeal before the Court of Common Pleas of Pike County, Pennsylvania, ("trial court") after which [Appellant]'s Summary Appeal was denied.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 1543(a).

> On November 13, 2019, [Appellant] filed a Notice of Appeal to the Superior Court. On November 15, 2019, the trial court ordered [Appellant] to file a Concise Statement of Matters Complained of on Appeal ("Concise Statement"). On December 6, 2019, [Appellant] filed his Concise Statement and [the trial court's 1925(a) opinion followed].

Trial Court Opinion, 1/13/20, at 1-2 (footnotes omitted).

In reviewing Appellant's brief, we are unable to discern the issue or issues that he wishes this Court to review because Appellant has failed to include a statement of questions involved and his brief is otherwise nonsensical. We have recognized that the omission of a statement of questions involved is "particularly grievous since the statement . . . defines the specific issues this court is asked to review." **Commonwealth v. Maris**, 629 A.2d 1014, 1015-16 (Pa. Super. 1993). "The rule requiring a statement of questions involved is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby." **Id.** at 1016 (citation omitted). "When the omission of the statement of questions [involved] is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review." **Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa. Super. 1996).

Additionally, Appellant's brief fails to conform to the Pennsylvania Rules of Appellate Procedure. Rule 2111(a) mandates that an appellant's brief shall consist of the following matters, separately and distinctly entitled, and in the following order:

(1)    Statement of jurisdiction.

(2)    Order or other determination in question.

(3)    Statement of both the scope of review and the standard of review.

(4)    Statement of the questions involved.

(5)    Statement of the case.

(6)    Summary of argument.

(7)    Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)    Argument for appellant.

(9)    A short conclusion stating the precise relief sought.

(10)  The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11)  In the Superior Court, a copy of the statement of the matters complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12)  The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

Appellant's *pro se* brief does not contain any of the sections mandated by Rule 2111(a). Moreover, Appellant's brief fails to include citations to legal authority and record citations. **See** Pa.R.A.P. 2119(a) (requiring that an appellant develop an argument with citation to and analysis of relevant legal

authority). Our Supreme Court has long held that it is not this Court's obligation to formulate arguments on behalf of an appellant. ***Commonwealth v. Wright***, 961 A.2d 119, 135 (Pa. 2008); ***see also Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"); ***Commonwealth v. Clayton***, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well[-]settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").

As our Supreme Court has explained:

> The briefing requirements[,] scrupulously delineated in our appellate rules[,] are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review . . . may be properly exercised. Thus, we reiterate that compliance with these rules by appellate advocates . . . is mandatory.

***Commonwealth v. Perez***, 93 A.3d 829, 837-38 (Pa. 2014).

Instantly, although Appellant is *pro se*, we recognize:

> [u]nder Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants. ***See Commonwealth v. Williams***, [] 896 A.2d 523, 534 (Pa. 2006) (*pro se* defendants are held to same standards as licensed attorneys). Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.

***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014).

Based upon the deficiencies described above, we find Appellant's claims to be waived. Accordingly, we find no basis upon which to disturb the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/20