J-A03017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NACHMAN NACHMENSON | : | |
| | : | |
| Appellant | : | No. 540 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 29, 2020
in the Court of Common Pleas of York County,
Criminal Division at No(s):  CP-67-SA-0000335-2019.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED JANUARY 22, 2021**

Nachman Nachmenson appeals from the trial court's order finding him guilty of a summary offense and imposing a fine.  We quash.

The trial court summarized the pertinent facts and procedural history as follows:

> [Nachmenson] was found guilty under a single summary offense of duty of driver in emergency response areas—pass in lane not adjacent to area.  [75 Pa.C.S.A. § 3327(a)(1).]  On January 29, 2020, a continued Summary Conviction Appeal hearing was held.  The matter had been previously continued from November 27, 2019, as [Nachmenson] indicated that he was not well and he wished to have legal representation.  He was advised that the matter would proceed on January 29, 2020.  At the continued hearing, [Nachmenson] appeared without counsel.
>
> Officer Donald Godfrey testified for the Commonwealth at the hearing.  Officer Godfrey has been employed by the Northern York County Regional Police Department for about 29 years.  Officer Godfrey stated that [while he] was on the side of the roadway for another traffic incident, [Nachmenson's] vehicle passed him in the right most lane

and failed to go into the left lane. "It failed to go into the left lane. There was a clear space in the left lane for that vehicle to get over in the left lane, and the vehicle did not slow down as it passed me."

The Commonwealth also provided the MVR video capturing [Nachmenson's] vehicle activities at the time of the incident, which corroborated Officer Godfrey's testimony of his observations.

At the conclusion of the Summary Conviction Appeal hearing, [the trial court] found [Nachmenson] guilty[.]

Trial Court Opinion, 4/24/20, at 2-3 (citations omitted). The trial court imposed the same costs and fines as imposed by the magisterial district judge. This timely *pro se* appeal followed. Both Nachmenson and the trial court have complied with Pa.R.A.P. 1925.

We cite the issue Nachmenson raises in his statement of questions involved verbatim:

Whether the lower court committed an error of law by granting the appeal motion for judgement on the pleadings where there exists genuine issue of fact that was done on a fraud by Mark L. Bentzel chief of Police. When sending the police officer Godfrey.

To carry out illegal and immoral activity?

The answer is yes.

Nachmenson's Brief at 4.

Before attempting to address this issue, we make the following observations. First, with regard to Nachmenson's *pro se* brief, we note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. If the defects in

the brief are "substantial, the appeal or other matter may be quashed or dismissed." ***Id.*** This Court has stated:

> [A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. ***Commonwealth v. Maris***, 427 Pa. Super. 566, 629 A.2d 1014, 1017 n.1 (1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Id.*** This Court may quash or dismiss an appeal if an appellate fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.***, Pa.R.A.P. 2101.

***Commonwealth v. Freeland***, 106 A.2d 768, 776-77 (Pa. Super. 2014) (citations omitted).

Second, Pennsylvania Rule of Appellate Procedure 2111(a) mandates that the brief of the appellant "shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of Jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9)  A short conclusion stating the precise relief sought.

(10)  The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11)  In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12)  The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a). Citing the above rules, this Court has explained that we "will not consider the merits of an argument, which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal." *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012); *see also Commonwealth v. Sanford*, 445 A.2d 149 (Pa. Super. 1982).

Although Nachmenson attempts to structure his brief to comply with the Rule 2111(a) requirements, multiple shortcomings therein have hampered effective appellate review. *See Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006); *Sanford*, *supra*. While his brief contains a statement of jurisdiction and statement of standard of review, neither statement contains citation to proper authority. In addition, Nachmenson's statement of the order in question appears nowhere in the certified record, and the argument portion of his brief cites no case authority.

- 4 -

Indeed, Nachmenson presents no relevant argument regarding the issue enumerated above.

Our review of Nachmenson's brief supports that Commonwealth's assertion that his "summary of argument and argument sections are merely complaints and police recommendations that fail to address any cognizable legal claim." Commonwealth's Brief at 7. Moreover, in his conclusion, in his request for relief he asks this Court to "cancel the ticket." Nachmenson's Brief at 11.

Notably, Nachmenson did not attach his Rule 1925(b) statement to his brief (although the Commonwealth included it as an exhibit). In reviewing the statement Nachmenson filed, the trial court concluded that he waived any claims he wished to pursue on appeal:

> [Trial] courts may find a waiver where a Rule 1925(b) statement contains frivolous and redundant issues. Pa.R.A.P. 1925(b)(4)(vii).
>
> After reviewing [Nachmenson's] Rule 1925(b) Statement, this [c]ourt finds matters alleged in the Statement are frivolous. [Nachmenson] raises no legal issues and only argues that he should not have been cited for his actions. Therefore, [Nachmenson] has failed to preserve any issues for appellate review.

Trial Court Opinion, 4/24/20, at 3-4. We agree.

Our reading of Nachmenson's brief readily establishes that he misapprehends the Superior Court's role as an appellate court. This Court's appellate function is to correct legal errors made by the trial court. It is not our duty or even our prerogative to give *pro se* litigants a "do over," based

- 5 -

upon their ignorance of the judicial system or our Rules of Appellate Procedure. As noted above our appellate rules provide that if defects in a brief are substantial, then we may quash the appeal. ***Freedland***, ***supra***; ***Sanford***, ***supra***. We do so now, because the defects in Nachmenson's p*ro se* brief are substantial.[1]

Motion denied. Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/22/2021

---

[1] Given our disposition, we deny Nachmenson's motion for continuance of oral argument.