J-S43001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GEORGE OSEYEMI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CECILIA OLUGBADE-OSEYEMI | : | |
| | : | |
| Appellant | : | No. 719 EDA 2022 |

Appeal from the Order Entered February 22, 2022
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2014-16944

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

JUDGMENT ORDER BY DUBOW, J.:            **FILED JANUARY 12, 2023**

Cecilia Olugbade-Oseyemi appeals *pro se* from the February 22, 2022 divorce decree entered in the Montgomery County Court of Common Pleas. Upon review, we dismiss this appeal.

A detailed factual and procedural history is unnecessary to our disposition. Appellant's untimely *pro se* filing entitled "Appellant's Memorandum (Substitute for a Brief)" ("Brief")[1] fails to comply with the briefing requirements set forth in Pa.R.A.P. 2111-2140 and we are, therefore, unable to conduct meaningful appellate review.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash

---

[1] In the introductory paragraph, Appellant explains that she "files the within Appellant's Memorandum as a substitute for a Brief in Appeal[.]" Appellant's Br. at 1 (unpaginated). Notably, this Court granted Appellant two extensions of time in which to file her appellate brief, which is nevertheless untimely.

or dismiss an appeal if the defect in the brief is substantial. **Commonwealth v. Adams**, 882 A.2d 496, 497–98 (Pa. Super. 2005); Pa.R.A.P. 2101. In particular, "[w]hen the omission of the statement of questions [involved] is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review." **Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa. Super. 1996). "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Adams**, 882 A.2d at 498.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). This Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure. Pa.R.A.P. 2101-2119. As this Court has made clear, we "will not act as counsel[.]" **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Here, in her 45-page Brief, Appellant fails to include a statement of jurisdiction, the text of the order or other determination in question, a statement of the scope and standard of review, a statement of the questions involved, and a summary of argument. *See* Pa.R.A.P. 2111(a)(1), (2), (3), (4), (6). The omission of a statement of questions involved is "particularly grievous since the statement of questions involved defines the specific issues this Court is asked to review." *Commonwealth v. Maris*, 629 A.2d 1014, 1016 (Pa. Super. 1993).

Instead, Appellant's Brief is divided into numerous sections entitled "Procedural Status," "Support Calculation," "Objections," "Divorce and Counterclaim," "Discovery and Equitable Distribution," and "Conclusions of Law." *See* Appellant's at 1, 24, 37. In these sections, Appellant attempts to articulate her grievances against the trial court from 2014 to present but fails to do so in any organized manner. In addition, while Appellant includes a few boilerplate citations to legal authority in the second-to-last page of her Brief, she fails to provide any discussion of the legal authority as it relates to her grievances. *See* Appellant's Br. at 44 (unpaginated); *see also* Pa.R.A.P. 2119(a), (b) (requiring discussion and citation of authorities that are deemed pertinent to an Appellant's argument).

These substantial omissions preclude meaningful review. Accordingly, we are constrained to dismiss Appellant's appeal.

Appeal dismissed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 1/12/2023*