J-A04021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MELISSA GABEL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL JOHNSON | : | |
| | : | |
| Appellant | : | No. 850 MDA 2022 |

Appeal from the Order Entered April 20, 2022
In the Court of Common Pleas of Lycoming County Civil Division at
No(s):  FC-2017-21461-AB

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED:  FEBRUARY 1, 2023**

Appellant, Paul Johnson, appeals from the April 20, 2022 order entered in the Lycoming County Court of Common Pleas amending and extending a protection from abuse order.  Upon review, we dismiss this appeal.

A detailed factual and procedural history is unnecessary to our disposition.  Appellant's *pro se* Brief fails to comply with the briefing requirements set forth in Pa.R.A.P. 2111-2140 and we are, therefore, unable to conduct meaningful appellate review.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial.  ***Commonwealth v. Adams***, 882 A.2d 496, 497–98 (Pa. Super. 2005); Pa.R.A.P. 2101.  In particular, "[w]hen the omission of the statement of questions [involved] is combined with the lack of any organized and developed arguments, it

becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review." ***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa. Super. 1996). "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Adams***, 882 A.2d at 498.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). This Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure. Pa.R.A.P. 2101. As this Court has made clear, we "will not act as counsel[.]" ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Here, in his five-page brief, Appellant fails to include a statement of jurisdiction, the text of the order or other determination in question, a statement of the scope and standard of review, a statement of the questions involved, a statement of the case, and a summary of the argument. ***See*** Pa.R.A.P. 2111(a)(1)-(6). Appellant has also failed to append a copy of his

Pa.R.A.P. 1925(b) statement to the brief. **See** Pa.R.A.P. 2111(d). The omission of a statement of questions involved is "particularly grievous since the statement of questions involved defines the specific issues this Court is asked to review." **Commonwealth v. Maris**, 629 A.2d 1014, 1016 (Pa. Super. 1993).

Instead, Appellant has divided his Brief into four numbered sections in each of which he responds to one of four points addressed by the trial court in its Rule 1925(a) opinion, and in those sections, Appellant cites once to undated notes of testimony and to one United States Supreme Court case for the proposition that courts must liberally construe *pro se* filings. **See** Appellant's Brief at 4; **see also** Pa.R.A.P. 2119 (a) (requiring discussion and citation of authorities that are deemed pertinent to an appellant's argument).

These substantial omissions preclude meaningful appellate review. Accordingly, we are constrained to dismiss Appellant's appeal.

Appeal dismissed. Case stricken from argument list.[1]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/01/2023</u>

---

[1] In light of our disposition, we deny as moot the request of Appellee, Melissa Gabel, to be excused from argument.