J-S06043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS RAMOS NUNEZ-CALDERON | : | |
| | : | |
| Appellant | : | No. 1443 MDA 2022 |

Appeal from the PCRA Order Entered September 26, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001440-2014

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: MARCH 15, 2023**

Luis Ramos Nunez-Calderon appeals *pro se* from the September 26, 2022 order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  After careful review, we affirm.

The relevant facts of this case were accurately summarized by a prior panel of this Court on direct appeal and need not be reiterated in full here. *See Commonwealth v. Nunez-Calderon*, 144 A.3d 190 (Pa.Super. 2016) (unpublished memorandum at *1–2).

The procedural history of this case, as gleaned from the certified record, is as follows:  On April 30, 2015, a jury found Appellant guilty of first-degree

_____

[*] Former Justice specially assigned to the Superior Court.

murder and two counts of aggravated assault[1] in connection with the brutal murder of his former girlfriend, Wendy Contreras–Hernandez. That same day, the trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole. Appellant's judgment of sentence was affirmed by this Court on March 4, 2016, and Appellant did not file a petition for *allocatur* with our Supreme Court. *See id.*

Appellant filed his first *pro se* PCRA petition on September 29, 2016 and Jeffrey Markosky, Esq. was appointed to represent him. Attorney Markosky filed a no-merit letter and motion to withdraw, which was subsequently granted by the PCRA court on January 20, 2017. That same day, the PCRA court entered an order denying Appellant's first PCRA petition. On February 2, 2017, Appellant filed a *pro se* notice of appeal from the PCRA court's order which was ultimately dismissed by this Court on July 27, 2017 for failure to file a brief.

Thereafter, on August 19, 2022, Appellant filed the instant *pro se* PCRA petition, his second. On September 2, 2022, the PCRA court provided Appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant filed a response to the PCRA court's Rule 907 notice on September 22, 2022. Thereafter, on September

---

[1] 18 Pa.C.S.A. §§ 2501(a), 2702(a)(1), and 2702(a)(4), respectively.

26, 2022, the PCRA court dismissed Appellant's petition as untimely. This timely appeal followed on October 13, 2022.[2]

Preliminarily, we note that Appellant has failed to include a "Statement of Questions Involved" in his brief in direct violation of Pennsylvania Rule of Appellate Procedure 2116(a), which provides that the statement of the questions involved must state the issues "**with sufficient specificity** to enable the reviewing court to readily identify the issues to be resolved…." Pa.R.A.P. 2116(a) note (emphasis added). Appellant's failure to include a statement of the questions involved is particularly troubling as this requirement defines the specific issues this court is being asked to review. *See e.g.*, *Commonwealth v. Maris*, 629 A.2d 1014, 1015-1016 (Pa.Super. 1993).

As best we can discern from his defective brief, the crux of Appellant's claim is that his prior PCRA counsel was ineffective for failing to argue that his admissions of guilt to police should have been suppressed because he was tricked into making them. Appellant's brief at 3. In support of this contention, Appellant references our Supreme Court's recent decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). *Id.* at 17-24.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is

---

[2] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

- 3 -

supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

We must first consider the timeliness of Appellant's PCRA petition because it implicates the authority of this court to grant any relief. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when an Appellant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that Appellant's judgment of sentence became final on April 4, 2016, 30 days after this Court affirmed his judgment of sentence and the time for filing a petition for ***allocatur*** with our Supreme Court expired. ***See id.*** Accordingly, Appellant had until April 4, 2017 to file a timely PCRA petition. ***See id.*** at § 9545(b)(1). Appellant's instant petition

was filed on August 19, 2022, more than 5 years late, and is patently untimely, unless he can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.

The three statutory exceptions to the PCRA time-bar are as follows:

(i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Instantly, we find that Appellant has failed to explicitly plead, let alone prove, any of the statutory exceptions to the PCRA time-bar set forth in Section § 9545(b)(1).  Even assuming that Appellant's argument could be construed as an attempt to invoke the "new constitutional right" exception to the time-bar based upon **Bradley**, we find that this claim is meritless.

In **Bradley**, our Supreme Court held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting **pro se**,

raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Bradley**, 261 A.3d at 401.

**Bradley** permits a PCRA petitioner to raise claims of ineffectiveness of counsel at the first opportunity to do so, which is not the case in the instant matter, where Appellant has filed a second and untimely PCRA petition several years after the denial of his first petition. This Court has continually declined to extend the holding of **Bradley** to cases involving untimely or serial petitions. **See Commonwealth v. Dixon**, ___ A.3d ___, 2022 WL 17973240 (Pa.Super. 2022) (unpublished memorandum) (holding **Bradley** does not trigger the timeliness exception at Section 9545(b)(1)(iii)); **Commonwealth v. Mead**, 277 A.3d 1111 (Pa.Super. 2022) (unpublished memorandum), **appeal denied**, 284 A.3d 118 (Pa. 2022) (emphasizing that **Bradley** involved a timely first PCRA petition and did not apply to appellant's appeal from order denying his untimely petition); **Commonwealth v. Morton**, ___ A.3d ___, 2023 WL 118686 (Pa.Super. 2023) (unpublished memorandum) (holding that appellant's reliance on **Bradley** does not afford relief in his appeal from the denial of his untimely, second PCRA petition).

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing Appellant's petition as untimely and affirm its September 26, 2022 order.[3]

---

[3] Appellant's **pro se** "Motion for Discovery," filed February 1, 2023 while this appeal was pending, is denied as moot.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2023