J-A09042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM J. ROHLAND | : | |
| | : | |
| Appellant | : | No. 1350 MDA 2022 |

Appeal from the PCRA Order Entered September 8, 2022,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-CR-0003799-2006.

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM PER CURIAM:                    **FILED: MARCH 31, 2023**

William J. Rohland appeals *pro se* from the order denying his petition
for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42
Pa.C.S.A. §§ 9541-46. We dismiss.

The facts and procedural history may be summarized as follows: On
September 27, 2007, a jury convicted Rohland of two counts of first-degree
murder. On October 2, 2007, because the jury was unable to reach a
unanimous verdict regarding the death penalty, the trial court sentenced
Rohland to two consecutive terms of life imprisonment. Following the
appointment of new counsel, Rohland filed an appeal to this Court. Rejecting
his claims, we affirmed Rohland's judgment of sentence on May 26, 2009.
***Commonwealth v. Rohland***, 976 A.2d 1214 (Pa. Super. 2009) (non-
precedential decision). On April 27, 2010, our Supreme Court denied

Rohland's petition for allowance of appeal. **Commonwealth v. Rohland**, 993 A.2d 900 (Pa. 2010).

Rohland did not file a petition for writ of *certiorari* to the United States Supreme Court. Instead, he unsuccessfully sought *habeas corpus* relief with both our Supreme Court and the federal district court. **See Rohland v. Wenerowicz**, 2011 Pa. LEXIS 2645 (Pa. Nov. 1, 2011)); **Rohland v. Wenerowicz**, 2012 U.S. Dist. LEXIS 157013 (M.D. Pa., May 16, 2012); **Rohland v. Wenerowicz**, 2013 U.S. Dist. LEXIS 120245 (M.D. Pa., Mar. 29, 2013).

On April 26, 2013, Rohland filed a *pro se* petition for writ of mandamus. After holding a videoconference hearing, and directing the parties to file briefs, the trial court dismissed Rohland's petition. Rohland appealed. On January 21, 2015, we dismissed Rohland's appeal, pursuant to Pa.R.A.P. 2101, because the inadequacies in his *pro se* brief hampered effective appellate review. **Commonwealth v. Rohland**, 118 A.3d 451 (Pa. Super. 2015) (non-precedential decision).

On May 23, 2019, Rohland filed a *pro se* "Petition for/of View" in Commonwealth Court. By *per curiam* order entered May 28, 2019, the Commonwealth Court noted that Rohland "appear[ed] to allege that his confinement was illegal because of the alleged failure of prison officials to produce a written judgment of sentence order related to his conviction" in Luzerne County. Noting that it lacked jurisdiction over this claim, the

Commonwealth Court transferred the filing to the Court of Common Pleas of Luzerne County.

Luzerne County treated Rohland's filing as a PCRA petition and appointed counsel. On December 4, 2019, PCRA counsel filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In his **Turner**/**Finley** letter, PCRA counsel averred that Rohland's PCRA petition was untimely, and Rohland could not establish a time-bar exception. The next day, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss Rohland's PCRA petition without a hearing. The court also granted PCRA counsel's petition to withdraw. Thereafter, Rohland filed multiple responses. By order entered January 8, 2020, the PCRA court dismissed Rohland's first PCRA petition. Rohland did not file an appeal.

On August 5, 2022, Rohland filed the *pro se* petition at issue.[1] On August 18, 2022, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Rohland's PCRA petition without a hearing. Rohland did not file a response.[2] By order entered September 8, 2022, the PCRA court denied

---

[1] The certified record in this case contains multiple hand-written filings by Rohland that have made our summary of the procedural history of this case difficult. For ease of disposition, we refer to this petition as Rohland's second request for post-conviction relief.

[2] Instead, Rohland continued his practice of multiple, hand-written filings, including several subsequent PCRA petitions.

Rohland's petition. This timely appeal followed. Both Rohland and the PCRA court have complied with Pa.R.A.P. 1925.

We begin our analysis by observing that both Rohland's Rule 1925(b) statement and his "(Brief) NOT Brief" are incomprehensible.[3] Additionally, appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. If the defects in the brief are "substantial, the appeal or other matter may be quashed or dismissed." **Id.** Here, Rohland's brief wholly fails to comply with the required contents of an appellate brief. **See generally**, Pa.R.A.P. 2111.

This Court has stated:

> [A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. **Commonwealth v. Maris**, 427 Pa. Super. 566, 629 A.2d 1014, 1017 n.1 (1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. **Id.** This Court may quash or dismiss an appeal if an appellate fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Id.**, Pa.R.A.P. 2101.

---

[3] In its Rule 1925(a) opinion, the PCRA court states that it was never served with a copy of Rohland's Rule 1925(b) statement, and therefore considered any issue waived on appeal. PCRA Court Opinion, 11/3/22, at 1-2. Thus, an alternative basis exists to affirm the PCRA court's order. **See Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005) (requiring "strict compliance with Pa.R.A.P. 1925(b) guarantees a trial court's ability to focus on the issues raised by the appellant, and thereby, allows for meaningful and effective appellate review").

***Commonwealth v. Freeland***, 106 A.2d 768, 776-77 (Pa. Super. 2014) (citations omitted). Given the complete deficiency of Rohland's brief, we find that effective appellate review has been hampered. ***See Commonwealth v. Vurimindi***, 200 A.3d 1031, 1042 (Pa. Super. 2018) (dismissing appeal when Vurimindi's defamatory rant against everything and everyone involved in this case shows complete defiance toward the purpose of appellate review). We therefore dismiss Rohland's appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2023