J-S33040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERMAINE DARNELL GILLESPIE | : | |
| | : | |
| Appellant | : | No. 247 WDA 2023 |

Appeal from the Judgment of Sentence Entered December 20, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001822-2021

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED:  October 23, 2023**

Appellant Jermaine Gillespie appeals *pro se* from the judgment of sentence entered in the Erie County Court of Common Pleas following a traffic stop that led to Appellant's conviction on seven counts. We quash.

The relevant facts and procedural history have been set forth by the trial court as follows:

> Defendant was the subject of a motor vehicle stop for suspected violation of the window tint provisions of the Motor Vehicle Code on July 7, 2021 in the City of Erie, Pennsylvania. The Pennsylvania State Trooper who initiated the stop determined that Defendant's driver's license was suspended at the time and also detected the odor of fresh marijuana emanating from the vehicle. Defendant informed the officer that he had a medical marijuana card. In response to questioning about whether Defendant had any drugs or weapons in the vehicle, he denied having any marijuana in the car at the time; however, he did inform the officer that he had ecstasy pills in the vehicle.

---

[*] Former Justice specially assigned to the Superior Court.

The officer requested permission to search the vehicle, which the Defendant granted. The Trooper found 80-90 ecstasy pills and a container holding marijuana in a bag inside in the car. Defendant was arrested, and the Criminal Complaint was filed on July 7, 2021 charging him with Count 1 - Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver (Ecstasy)(F); Count 2 - Possession (Ecstasy)(M); Count 3 - Possession (Marijuana)(M); Count 4 - Driving While Operating Privileges are Suspended or Revoked (S); Count 5 - Obstructed Window (S); Count 6 - Use or Possession of Drug Paraphernalia (Plastic Baggie)(M); Count 7 - Use or Possession of Drug Paraphernalia (Plastic Container)(M).

A preliminary hearing was held on July 23, 2021 at which time Defendant was represented by privately-retained counsel. All charges were bound over for court at the conclusion of the hearing.

On September 27, 2021, counsel for Defendant sought an extension of time to file a file an omnibus pre-trial motion and specifically waived the Rule 600 time for her client through January 30, 2022. Counsel filed an Omnibus Pre-Trial Motion raising several suppression issues. The Court held an evidentiary hearing on the Omnibus Pre-Trial Motion on December 16, 2021, at which time Defendant was represented by counsel. The Court denied the Motion by Opinion and Order dated February 23, 2022.

At Defendant's request, counsel filed a Motion for Leave to Withdraw as Counsel on March 8, 2022. The request to withdraw was granted, and a *pro se* colloquy was held on April 5, 2022.

Following counsel's withdrawal, Defendant filed several *pro se* requests for transcripts, motions to continue, motions to dismiss, a petition for habeas corpus, motions for hearings, a motion to quash, and a motion to dismiss for Rule 600 violation. The Court held several hearings on the motions prior to issuing decisions. In addition to the Defendant's pre-trial motions, the Commonwealth filed a Motion to Amend Information to conform [sic] the identity of the suspected controlled substances to results of laboratory testing, which was granted.

Defendant went to jury trial on September 12, 2022 with stand-by counsel. He was found guilty on all counts on September 14, 2022, and scheduled to be sentenced on November 22, 2022. On September 13, 2022, during the pendency of his trial, Defendant filed a Notice of Appeal seeking review of [the trial c]ourt's Order of July 5, 2022 denying his habeas corpus petition. Defendant filed a second Notice of Appeal on September 22, 2022 seeking review of [the trial c]ourt's Order of December 16, 2021,

denying his motion to suppress. Defendant's sentencing hearing was cancelled pending the resolution of Defendant's appeals. Both appeals were quashed as interlocutory.

Defendant was subsequently sentenced on December 20, 2022 as follows:

Count 1: 33 months to 66 months incarceration, consecutive to the sentence at 1717-2017;
Count 2: merged with Count 1;
Count 3: 3 months to 12 months incarceration, consecutive to Count 1;
Count 4: $200 fine, no further penalty;
Count 5: $25 fine, no further penalty;
Count 6: 1 year of state probation, consecutive to Count 3; and Count 7: 1 year of state probation, concurrent to Count 6; with credit for time served and court costs.

Defendant filed a Post-Sentence Motion which was dated January 6, 2023, postmarked January 9, 2023, and received by the Court on January 11, 2023. By Order dated January 13, 2023, the Court denied the Post-Sentence Motion as untimely because the Post-Sentence Motion was filed beyond the applicable 10-day period even if the January 6, 2023 were accepted as the effective date for filing.

Defendant's Notice of Appeal was received by the Clerk of Court's Office on January 19, 2023. The Court issued a 1925(b) Order on January 24, 2023. It was subsequently determined that Defendant did not have IFP status at the time the Notice of Appeal was filed, and it was returned to him for corrections to indicate if he was requesting IFP. Defendant timely responded with the IFP application, and IFP status was granted on February 22, 2023.

Tr. Ct. Op. 3/20/23, at 1-4.

Initially, we note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. If the defects in the brief are "substantial, the appeal or other matter may be quashed or dismissed." *Id*. This Court has stated:

[A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. *Commonwealth v. Maris*, 629 A.2d 1014, 1017 n.1 (Pa.Super. 1993). Accordingly, a *pro se* litigant

must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. *Id*. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.*; Pa.R.A.P. 2101.

*Commonwealth v. Freeland*, 106 A.3d 768, 776-77 (Pa.Super. 2014) (citations omitted).

Further, Pennsylvania Rule of Appellate Procedure 2111(a) mandates that the brief of the appellant shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of Jurisdiction.
(2) Order or other determination in question.
(3) Statement of both the scope of review and the standard of review.
(4) Statement of the questions involved.
(5) Statement of the case.
(6) Summary of argument.
(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
(8) Argument for appellant.
(9) A short conclusion stating the precise relief sought.
(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.
(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.
(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

In the case *sub judice*, Appellant has not attempted to structure his brief to comply with the Rule 2111(a) requirements, thus hampering effective appellate review. *Sanford*, *supra*. Specifically, Appellant's brief contains one

- 4 -

heading entitled "BRIEF" wherein he sets forth seven pages combining his version of factual events with bald assertions of error.

Relevantly, aside from a final request for the court to "dismiss all charges," his brief contains no statement of jurisdiction, no order in question, no statement of scope and standard of review, no statement of questions involved, no statement of the case, no summary of argument, and no coherent, developed argument. **See** Pa.R.A.P. 2111(a). While he has attached the trial court's Rule 1925(a) opinion to his brief, he has not attached a copy of his Rule 1925(b) statement.

As this Court has held:

> When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof. The Rules of Appellate Procedure clearly provide that an appeal may be quashed "if the defects are in the brief…of the appellant and are substantial[.]" Pa.R.A.P. 2101.

**Sanford**, 445 A.2d at 150-51 (citing **Commonwealth v. Holcomb**, 396 A.2d 29 (Pa.Super. 1978)) (other citations omitted). **See Commonwealth v. Merwine**, 1651 MDA 2022, 2023 WL 4487770 (Pa.Super. filed 6/12/23) (unpublished memorandum) (dismissing appeal where the appellate brief failed to conform to Rule 2111(a)); **Commonwealth v. Nachmenson**, 540 MDA 2020, 248 A.3d 497 (Pa.Super. filed 1/22/21) (unpublished memorandum) (quashing appeal where the defects in the *pro se* brief were substantial and prevented meaningful review); **K.B. v. D.A.P.**, 598 MDA 2021, 2021 WL 4739422 (Pa.Super. filed 10/12/21) (unpublished memorandum)

(quashing appeal where the appellate brief failed to raise or properly address any issues); ***Commonwealth v. Bradbury***, 530 MDA 2021, 2021 WL 4593392 (Pa.Super. filed 10/6/21) (unpublished memorandum) (dismissing appeal due to wholly defective brief); ***Commonwealth v. Hoffman***, 1288 MDA 2020, 2021 WL 1743018, *2 (Pa.Super. filed 5/3/21) (unpublished memorandum) (quashing appeal due to defective appellate brief and noting it is not our duty to give *pro se* litigants a "do over" based on their lack of legal knowledge).[1]

As in the cases cited *supra*, we find the defects in Appellant's brief are substantial so as to preclude effective appellate review. We recognize that Appellant is proceeding *pro se* in this appeal. However, we decline to become Appellant's counsel. While we are willing to construe liberally materials filed by a *pro se* litigant, "[a]ny layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing." ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa.Super. 1996) (citation omitted).

Based on the aforementioned, we quash this appeal.

Appeal quashed.

---

[1] We note that, pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. We find guidance in the unpublished memorandums cited *supra* and find them to be persuasive in this matter.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/23/2023