J-S38033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARIE ANGELA OLIVER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT CLARENCE OLIVER | : | |
| | : | |
| Appellant | : | No. 1014 EDA 2024 |

Appeal from the Order Entered February 21, 2024
In the Court of Common Pleas of Lehigh County Domestic Relations at
No(s): DR-15-01375,
PACSES: 484115503

BEFORE: STABILE, J., BECK, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED NOVEMBER 20, 2024**

Appellant, Robert Clarence Oliver, appeals *pro se* from the order entered in the Court of Common Pleas of Lehigh County on February 21, 2024. Upon review, we quash Appellant's appeal for the reasons set forth below.

Briefly, the relevant facts and procedural history are as follows: This case arises out of a request for spousal support by Appellee, Marie Angela Oliver on August 5, 2022. Both Appellant and Appellee have been proceeding *pro se*. After various motions were filed, a continuance was granted, and hearings were held, Appellant filed a motion on April 4, 2023, which sought to compel responses to his interrogatories and the production of discovery. Tr. Ct. Op. at 1. The trial court filed an order on May 11, 2023, granting in part

_____

* Former Justice specially assigned to the Superior Court.

and denying in part Appellant's motion. Appellant took an interlocutory appeal to this Court on May 25, 2023. On July 10, 2023, this Court quashed the appeal. Tr. Ct. Op. at 2.

On August 11, 2023, Appellant filed in the trial court a petition for modification of the existing support order. After holding a hearing and receiving a report and recommendation from the Domestic Relations Section hearing officer, the trial court entered an order on October 10, 2023, accepting the recommendations. Appellant filed exceptions to the order, Appellee filed a response, and oral arguments were held. The court overruled the objections by order dated February 21, 2024.  Tr. Ct. Op. at 2.

Appellant filed a notice of appeal, and the trial court directed Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b). Appellant failed to do so, but because the trial court's order did not comply with Pa.R.A.P. 1925(b) in that it did not include the court address, waiver could not be found on that basis. On May 13, 2024, this Court ordered Appellant to file his concise statement by May 23, 2024. Appellant complied. The trial court filed its Rule 1925(a) opinion on May 29, 2024. This appeal follows.

Initially, we note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure.  Pa.R.A.P. 2101.  If the defects in the brief are "substantial, the appeal or other matter may be quashed or dismissed." *Id*.  This Court has stated:

> [A]lthough this Court is willing to liberally construe materials filed
> by a *pro se* litigant, *pro se* status generally confers no special

benefit upon an appellant. ***Commonwealth v. Maris***, 629 A.2d 1014, 1017 n.1 (Pa.Super. 1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Id.*** This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.***, Pa.R.A.P. 2101.

***Commonwealth v. Freeland***, 106 A.3d 768, 776-77 (Pa. Super. 2014).

"When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Id.*** (citation omitted).

Further, Pennsylvania Rule of Appellate Procedure 2111(a) mandates that the brief of the appellant shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of Jurisdiction.
(2) Order or other determination in question.
(3) Statement of both the scope of review and the standard of review.
(4) Statement of the questions involved.
(5) Statement of the case.
(6) Summary of argument.
(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
(8) Argument for appellant.
(9) A short conclusion stating the precise relief sought.
(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.
(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

Here, Appellant's brief fails to conform to our rules of procedure in several material aspects. Specifically, Rule 2114 requires a statement of jurisdiction which "shall contain a precise citation to the statutory provision, general rule or other authority believed to confer on the appellate court jurisdiction to review the order or other determination in question." Pa.R.A.P. 2114. Appellant's statement of jurisdiction states in full as follows:

The Jurisdiction for this appeal is the Superior Court of Pennsylvania, Eastern

Appellant's Br. at 7.

Next, Rule 2115 requires the "text of the order or other determination from which an appeal has been taken or which is otherwise sought to be reviewed [] be set forth **verbatim** immediately following the statement of jurisdiction." Pa.R.A.P. 2115(a) (emphasis added). The section of Appellant's brief titled "Order or Other Determination in Question" states in full as follows:

The order in question was issued in the Court of Common Pleas, Domestic Relations Section, issued February 21, 2024

This was pursuant to a recommendation issued by Master Betz on October 11, 2023

Appellant's Br. at 8.

- 4 -

Further, Appellant's "Statement of the Issues Presented," is required to include "an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question" and must be "expressed in the terms and circumstances of the case." Pa.R.A.P. 2116. Here, Appellant asks nine bald questions and fails to suggest the lower court's answers to each. Appellant's issues are reproduced, verbatim, as follows:

**Issue I**
What is the required scope of judicial inquiry and litigant discovery for all individuals, but especially those spouses who are self-employed?

**Issue II**
What is required in a hearing to fulfill a requirement that decisions be based on evidence, testimony and the law?

**Issue III**
What are the requirements for collateral estoppel in a de-novo hearing?

**Issue IV**
When a court determines that a separation has occurred, is the court required to ascertain the intent of the parties?

**Issue V**
When is the court required to make inquiries as to evidentiary substantiations of a disqualifying claim made during trial?

**Issue VI**
See Issue V
[Type the Issues Presented for Review. The statement of the issues shall be a succinct, clear, and accurate statement of the arguments made in the body of the brief.]

**Issue VII**
Does the court have an obligation to implicate duration of support orders when there is no divorce action pending.

**Issue VIII**

Should the court implicate actions undertaken or eschewed during the period after separation in determining the likelihood that one spouse or another instigated separation maliciously?

**Issue IX**
Should the court base spousal income on testimony that is contradictory?

Appellant's Br. at 9. These issues fail to present reviewable questions within the terms and circumstances of this particular case as required by Pa.R.A.P. 2116.

Next, a "Statement of the Case," is required to contain

> in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found.

Pa.R.A.P. 2117.

Here, Appellant's "Statement of the Case" section of his brief merely lists, in incomplete sentences, twenty-four docket entries in this matter. There are no citations to the record, and only eight of the entries include the date of the filing or proceeding. **See** Appellant's Br. at 10-11. Appellant's "Statement of the Facts" contains a total of forty-one words in mostly incomplete sentences, with no citations to the record or dates. **See** Appellant's Br. at 12.

Finally, Rule 2118 governs the "Summary of Argument" section and Rule 2119 governs the "Argument" section of the brief. Specifically, Rule 2119 requires that the argument section

> be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein,

- 6 -

followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

Here, Appellant failed to include a "Summary of the Argument," and his argument section is inadequate and underdeveloped. He divides the argument section into two parts; the first section addresses issue one and the second section combines issues two through nine into one heading, in violation of Rule 2119. *See* Appellant's Br. at 13, 14. The remainder of Appellant's argument section includes nothing more than pasted statutes and caselaw. Appellant provides a list of "Relevant Opinions" followed by a one-sentence summary of what the case discusses. *See* Appellant's Br. at 18. He also pastes quotes from cases with no citation to the case, court, or page from which it originated. "Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities." Pa.R.A.P. 2119(b).

It is well settled that a *pro se* appellant is not entitled to any advantage due to their lack of legal training, and must comply with the Pennsylvania Rules of Appellate Procedure. ***See Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (stating that "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."). The defects in Appellant's brief are substantial and preclude meaningful review. Accordingly, we quash the appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/20/2024