J-A15037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                    :        PENNSYLVANIA
                                                      :

              v.                             :
                                                      :

JOHN WESLEY KICHMAN, JR.      :
                                                       :

          Appellant         :      No. 1664 MDA 2024

Appeal from the Judgment of Sentence Entered November 7, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-SA-0000142-2024

BEFORE:   BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: JULY 17, 2025**

Appellant, John Wesley Kitchman, Jr., appeals from the order entered in the Court of Common Pleas of Cumberland County on November 4, 2024. Upon review, we quash Appellant's appeal for the reasons set forth below.

Briefly, on June 10, 2023, Appellant was involved in a single-vehicle crash. He was the driver and sole occupant of a truck which overturned on its side and tore down power lines. HJ Towing and Recovery was contacted by the police to tow and store the vehicle. HJ provided Appellant with an invoice, but Appellant failed to pay HJ or retrieve the vehicle from their lot for more than ten months. The police issued Appellant a citation for violation of 75

---

[*] Former Justice specially assigned to the Superior Court.

Pa.C.S.A. § 3712(b), abandonment of vehicles on public or private property, on April 19, 2024.

On November 4, 2024, following a trial *de novo* in an appeal from summary proceedings, Appellant was found guilty of the sole charge. In addition to costs and a fine, the trial court imposed restitution in the amount of $30,923.50 to HJ. Appellant filed a timely notice of appeal on November 12, 2024, and a concise statement of errors complained of on appeal on November 20, 2024. The trial court filed its 1925(a) opinion on January 10, 2025. This appeal follows.

Initially, we note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. If the defects in the brief are "substantial, the appeal or other matter may be quashed or dismissed." ***Id***. This Court has stated:

> [A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. ***Commonwealth v. Maris***, 629 A.2d 1014, 1017 n.1 (Pa.Super. 1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Id.*** This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.***, Pa.R.A.P. 2101.

***Commonwealth v. Freeland***, 106 A.3d 768, 776-77 (Pa. Super. 2014).

"When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with

references to the record and with citations to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Id.*** (citation omitted).

Further, Pennsylvania Rule of Appellate Procedure 2119 requires an appellant to include in his brief an argument section which

> shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). The argument section must also contain citations to legal authority and must reference the pleadings, evidence, or any other matter appearing in the record to support the arguments set forth. Pa.R.A.P. 2119(b), (c).

Here, Appellant's brief has a fatal defect; he failed to include an argument section. His conclusion section immediately follows his summary of argument section. By omitting his argument, he also failed to include any citations to pertinent legal authority or relevant citations to the record. Appellant alleges eight errors made by "the Commonwealth Court,"[1] but failed to include an argument section distinctly addressing each issue. Appellant

---

[1] Appellant's proceedings took place in the Court of Common Pleas of Cumberland County. The Courts of Common Pleas are distinct from the Pennsylvania Commonwealth Court.

instead followed each question presented with several sentences detailing his challenge and position.[2] This does not suffice as an argument under Rule 2119.

While we are sympathetic to Appellant's position, it is well settled that a *pro se* appellant is not entitled to any advantage due to their lack of legal training, and must comply with the Pennsylvania Rules of Appellate Procedure. ***See Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (stating that "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."). The defects in Appellant's brief are substantial and preclude meaningful review. Accordingly, we quash the appeal.

---

[2] Our rules state that each question "***shall*** be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question." Pa.R.A.P. 2116(a) (emphasis added). Appellant also failed to comply with this rule.

Appeal quashed.

Judge Bowes joins this memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/17/2025