J-A28010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BIANCA SARPEHFIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL DAVIS OF SUSQUEHANNA | : | |
| VALLEY AND DAUPHIN COUNTY | : | |
| DEPARTMENT OF COMMUNITY AND | : | |
| ECONOMIC DEVELOPMENT | : | No. 162 MDA 2025 |

Appeal from the Order Entered January 17, 2025
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2024-CV-05363

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: NOVEMBER 26, 2025**

In this breach-of-contract case, Bianca Sarpehfio appealed *pro se* from the order sustaining the preliminary objections of Paul Davis of Susquehanna Valley and the Dauphin County Department of Community and Economic Development ("the DCED") and dismissing her complaint with prejudice.  Ms. Sarpehfio waived her appellate issue by not including it in her Rule 1925(b) statement.  Thus, we affirm.

On February 16, 2023, Ms. Sarpehfio and the DCED "signed [a] home rehabilitation contract," but the "Defendants did provide insufficient home rehabilitation work to [her] home . . . ." Complaint at 1.  Ms. Sarpehfio "wants to sue for the $34,000 paid to the Defendant Paul Davis of Susquehanna Valley as the work was not completed as listed on scope of work [and] completed unsatisfactory [and] not as listed on the original scope of work."  ***Id.*** at 1-2.

She then raised one count for breach of contract against both Defendants and one count for "Violation of HICPA"[1] against both Defendants. *Id.* at 2-3.

The Defendants filed preliminary objections in the nature of a demurrer to both counts, as well as briefs in support of those preliminary objections. Ms. Sarpehfio filed no brief in opposition and no responsive pleading. Instead, she filed two certificates of readiness in an attempt to circumvent the pleading phase and have the trial court proceed directly to a non-jury trial. The trial court rejected her certificates of readiness as noncompliant with the Rules of Civil Procedure and premature.

Then, the Defendants filed certificates of readiness of their own in order to have their preliminary objections adjudicated. Two days later, the trial court entered an order sustaining the preliminary objections and dismissing the complaint with prejudice. This timely appeal followed.

The trial court ordered Ms. Sarpehfio to file a concise statement of errors complained of on appeal. In the order, the court warned her that "Any issues not properly included in said Statement shall be deemed waived." T.C.O., 1/28/25, at 1.

Ms. Sarpehfio raised three issues in her statement of errors, which we reproduce verbatim as follows:

> Error 1: The judge indicated on the Order dated 1/17/25 I
> failed to respond to the Defendants' Preliminary Objections.

---

[1] Although not specified in the complaint, the parties seemingly agree that, by "HICPA," Ms. Sarpehfio intended to invoke the Home Improvement Consumer Protection Act, 73 P.S. §§ 517.1–517.9.

I did not fail to respond to the Objections they were filed by both Defendants 10/28/24 & 11/7/24. I filed my Certificate of Readiness on 12/2/24 selecting oral argument and checked preliminary objections it was not example a packet to help guide me on completing it correctly. I then received non-entertaining order dated telling me I must refile the certificate of readiness due to checking to many boxes. Then I knew what to do next I filed a new one on 12/10/24 selecting oral argument and on this I could not select both preliminary objections and contract. I received a new non-entertaining order that was very vague on telling me what I did wrong. If the non-entertaining order was more detailed and explained why the preliminary objections were pending or what I was to do next. I even wrote the Judge Engle a letter explaining I am self-represented and apologized for errors in filing but I did not have any legal help. The Judge Dowling was assigned to my case not long after they received my letter as an order of non-entertaining letters was placed on my case after he was assigned then things started to drastically speed up on my case. The Defendants filed Certificates of Readiness and then 2 days after the second Defendant Paul Davis filed their corrected Objections the Judge ruled to close the case. I had no time to file my Certificate of Readiness selecting Oral Argument towards the defendants.

Error 2: Order of Dismissal dated 1/17/25 indicates under #1 Plaintiff has failed to identify any duties that DCED defendant breached that were owed to her under the contract. Contract Title "County of Dauphin Homeowner Rehabilitation Agreement" Section I. Homeowners rehabilitation work 2nd paragraph lists, the contractor engaged by homeowner shall complete the rehabilitation work within 90 days from the date work commenced. Section I. The contractors work subject to periodic inspections by the dept or its designee. Inspections were not done Dept came to my home numerous times when I made complaints on the work not being done as listed on the paperwork which never was resolved but never to inspect the contractors work.

Section II. "Payment of the Grant" C. The Dept shall make progress payments to the approved contractor upon receipt of itemized invoice for work performed & approved by

Homeowner. The Defendant failed this portion as progress payments were not approved by me and the I made numerous complaints on the work being done and Defendant ignored/neglected. I explained all this in my complaint under count I Breach of Contract. I may have used different verbiage but I also attached tons of evidence and indicated I had more evidence if needed, emails, texts, and photos.

Error 3: It was stated I did not explain anything showing breach of contract when I did I may have used improper verbiage, but I did indicate areas of my home rehabilitation project was breached. Material breach also I submitted tons of evidence and indicated I have more to support my claims. My entire complaint explains how the rehabilitation agency DCED breached by negligence of duty of care. The Contractor Paul Davis may have not breached but he was hired third party so I know it is something they have done under the law illegally by leaving my home hazardous and unsafe as well as material contamination. They caused more damage than fixing the home.

Sarpehfio's 1925(b) Statement at 1-2.[2]

The trial court issued a 1925(a) opinion. The court indicated that the primary reason it sustained the preliminary objections was that Ms. Sarpehfio did not file a responsive pleading to the preliminary objections or a brief in opposition thereto. The court observed that Ms. Sarpehfio had ample notice

_____

[2] We note that Ms. Sarpehfio also attached a so-called "Concise Statement of Errors Complained on **Amended Appeal**" to her brief. **See** Sarpehfio's Brief at Attachment B (emphasis in original). This *pro se* document contains one paragraph indicating that Ms. Sarpehfio has no legal training and alleges bias by the trial court judge, because the DCED is located in the same courthouse as his chambers. **See id.** There is no such thing as an "amended appeal," nor does the record indicate that the trial court granted Ms. Sarpehfio leave to file a supplemental 1925(b) statement. Moreover, nothing reflects that Ms. Sarpehfio served that statement on the trial court. Thus, we decline to review the statement of errors for Ms. Sarpehfio's "amended appeal."

from the preliminary objections themselves that failure to file a responsive pleading could result in the entry of judgment against her. Additionally, the trial court referred us to its order sustaining the preliminary objections, where it explained that the paltry facts alleged in Ms. Sarpehfio's complaint did not give rise to any of the causes of action she asserted.

On appeal, Ms. Sarpehfio retained appellate counsel to draft her brief. She now raises one claim of error. "Did the lower court err by dismissing [her] case with prejudice, where it was not free and clear from doubt that she could not establish any right to relief in a case where the contractor being paid by the grantor of funds rendered woefully deficient services that caused her home to be unsafe?" Sarpehfio's Brief at 2.

In the argument section of her brief, Ms. Sarpehfio contends that, instead of bringing a breach of contract claim and HICPA, she should have brought causes of action against both Defendants for common-law negligence. In her view, the trial court abused its discretion by not allowing her leave of court to amend her complaint upon sustaining the Defendants' preliminary objections, so she may convert this contract case into a tort case.

Critically, neither the above issue nor the claim that the trial court should have allowed Ms. Sarpehfio to amend her complaint to change from a contract to a tort action appears anywhere in her 1925(b) statement. This omission implicates the question of waiver. Waiver is "a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary."

*Trigg v. Children's Hospital of Pittsburgh of UPMC*, 229 A.3d 260, 269 (Pa. 2020).

Pennsylvania Rule of Appellate 1925(b) is very clear and very strict in its waiver provision. A 1925(b) statement of errors complained of on appeal "shall concisely identify **each error** that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

In **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) the Supreme Court of Pennsylvania mandated that, "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925." "Any issues not raised in a 1925(b) statement will be deemed waived." **Id.**

Here, Ms. Sarpehfio raises an issue and argues for leave to amend her complaint to convert this contract action into a tort action. However, she did not raise this issue in her 1925(b) statement. Thus, we dismiss her sole appellate issue as waived.[3] **See Lord**, **supra**.

---

[3] Though this may seem harsh, we are bound by these rules to maintain a level playing field for all litigants, represented or not. While this Court will
*(Footnote Continued Next Page)*

Order affirmed.  Case stricken from the argument list.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/26/2025</u>

---

"liberally construe materials filed by a *pro se* appellant," a *pro se* litigant is not entitled to special treatment simply because she "lacks legal training." **Commonwealth v. Maris**, 629 A.2d 1014, 1017 n.1 (Pa. Super. 1993) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted).  We note that Ms. Sarpehfio had an opportunity to file an amended complaint as of right within twenty days of receiving the preliminary objections, but she did not. See Rule 1028 (c)(1). ("A party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections.") Pa.R.C.P. No. 1028.